**Nathan LERNER, Appellant**

v.

**Helen Weingast LERNER, M.D., Appellee.**

Superior Court of Pennsylvania.

Argued June 24, 2008.
Filed Aug. 7, 2008.

Nathan Lerner, appellant pro se.

BEFORE: LALLY–GREEN, KLEIN and GANTMAN, JJ.

OPINION BY GANTMAN, J.:

¶ 1 Appellant, Nathan Lerner, appeals from the order entered in the Philadelphia County Court of Common Pleas, which sustained the preliminary objections of Appellee, Helen Weingast Lerner M.D., and

dismissed with prejudice Appellant's "Dragonetti" complaint.[1] We affirm.

¶ 2 The relevant facts and procedural history of this case, as gleaned from the certified record, are as follows. The genesis of this dispute arises from a decade long contested distribution and settlement of the trust of Mortimer and Selma Phillips, the parties' aunt and uncle. On February 25, 2002, Appellee signed a settlement agreement with the representative of the trust, and Appellant signed a separate settlement agreement on August 12, 2003, also with the representative of the trust. Both parties "mutually covenant[ed] not to initiate any suit, claim or other litigation against the other related to or arising out of the subject matter of the current litigation, ... the Trust, or this settlement agreement." On December 16, 2004, the court, in response to Appellant's subsequent filing of petitions, declared that Appellant had "no right to pursue any claim or litigation against [Appellee]." It appeared the Trust settlement litigation had ended.

¶ 3 On August 24, 2004, Appellee filed a Protection From Abuse Petition (PFA) with the trial court. Appellee alleged that beginning in 2003, Appellant harassed her, and she feared for her safety, because of Appellant's prior actions. Specifically, Appellant entered her apartment building to serve legal papers upon Appellee and caused havoc in the lobby. Appellant attempted to serve legal papers to Appellee's apartment building manager and janitor and created a disturbance among those tenants in the lobby of her apartment building. Appellant also waited in the lobby to approach Appellee with papers and to intimidate her.

¶ 4 In response, Appellee filed at least two criminal reports and discussed her problems with and her fear of Appellant with several police officers, who recommended she file for a PFA. Appellee also discussed a possible PFA with an attorney. After Appellant's repeated harassment, Appellee filed for the PFA. The court scheduled a PFA hearing for September 3, 2004. At the hearing, in Appellant's presence, Appellee became "deathly afraid" and pleaded with the court to discontinue the proceeding. When the court tried to ask Appellee questions, she meekly mumbled repeatedly, "I can't answer any more questions." Following thwarted efforts to allow Appellee to present her case, the court withdrew the PFA.

¶ 5 Almost two years later and just before the statute of limitations expired, Appellant filed a *pro se* Writ of Summons commencing the present action on August 14, 2006. On January 12, 2007, Appellant filed his complaint, alleging Appellee's PFA petition was, *inter alia*, "retaliation for [Appellant's] legal efforts to vindicate his interests." Also, Appellant denied having any contact with Appellee between October 11, 1981 and August 24, 2004, and averred Appellee knew she had no ground for relief under the PFA statute. Following a ten-day notice of intent to take a default judgment, on February 13, 2007, the prothonotary entered a default judgment against Appellee. On February 28, 2007, Appellee promptly filed a motion to open the default judgment, which the court granted on March 27, 2007.

¶ 6 Appellee subsequently filed *pro se* preliminary objections to Appellant's complaint on April 16, 2007. On May 7, 2007, Appellant filed preliminary objections to Appellee's preliminary objections. On June 1, 2007, upon consideration of all preliminary objections, the court sustained Appellee's preliminary objections, over-

---

1. 42 Pa.C.S.A. § 8351 (Wrongful use of civil proceedings).

ruled Appellant's preliminary objections, and dismissed Appellant's "Dragonetti" complaint with prejudice. Appellant filed this timely appeal on July 2, 2007 (July 1, 2007 was a Sunday). The court did not order Appellant to file a concise statement of matters complained of on appeal per Pa.R.A.P. 1925(b), and none was filed.

¶ 7 Appellant now raise three issues for our review:

DID THE TRIAL COURT COMMIT AN ERROR OF LAW AND/OR AN ABUSE OF DISCRETION BY FAILING TO RECOGNIZE THAT APPELLANT'S DRAGONETTI COMPLAINT AGAINST APPELLEE FOR ABUSE OF PROCESS AROSE FROM THE DOMESTIC VIOLENCE COMPLAINT AND PETITION FOR PROTECTION FROM ABUSE, WHICH APPELLEE HAD FILED AGAINST HIM, IN PHILADELPHIA FAMILY COURT ON AUGUST 24, 2004 AND INSTEAD MISCONSTRUED THAT IT AROSE FROM THE ENTIRELY SEPARATE PROBATE PROCEEDINGS IN PHILADELPHIA ORPHAN'S COURT AND APPELLANT'S PURPORTED DISSATISFACTION WITH THE TERMS OF AN AUGUST 12, 2003 SETTLEMENT AGREEMENT THEREON?

DID THE TRIAL COURT COMMIT AN ERROR OF LAW AND/OR AN ABUSE OF DISCRETION BY CONTRAVENING 42 PA.C.S.A. SECTION 1028 AND SUSTAINING APPELLEE'S "PRELIMINARY OBJECTIONS" AND DISMISSING APPELLANT'S COMPLAINT WITH PREJUDICE, WITHOUT FIRST ADJUDICATING APPELLANT'S PRELIMINARY OBJECTIONS THERETO, OR ALLOWING APPELLANT TO FILE AN ANSWER TO APPELLEE'S "PRELIMINARY OBJECTIONS," OR ALLOWING APPELLANT TO PLEAD OVER HIS COMPLAINT AND THEREBY ABROGATE APPELLANT'S CONSTITUTIONAL RIGHTS TO DUE PROCESS AND ACCESS TO THE COURTS?

WAS THE TRIAL COURT'S HOLDING THAT APPELLEE HAD BEEN "COMPELLED" TO FILE A DOMESTIC VIOLENCE COMPLAINT AND PETITION FROM PROTECTION FOR ABUSE AGAINST APPELLANT IN PHILADELPHIA FAMILY COURT, IRRECONCILABLE WITH THE RECORD AND REPUGNANT TO PUBLIC POLICY?

(Appellant's Brief at 7).

¶ 8 Appellant contends he filed a *bona fide* "Dragonetti" complaint on January 12, 2007, because Appellee had previously filed a baseless PFA petition to retaliate for Appellant's attempts to secure his interests in the prior trust settlement. Essentially, Appellant claims his attempts to secure his interests in the trust exposed Appellee's acts of fraud. In retaliation for the trust settlement, Appellee filed a PFA petition against him. To substantiate his accusation that the PFA claim was baseless, Appellant argues that his filing of legal papers with the court does not constitute a clear and present danger to Appellee. Appellant asserts he had no contact with Appellee from 1981 until August 24, 2004. Appellant insists that the proximate cause of the PFA was the dispute regarding the trust but that the proximate cause of his "Dragonetti" complaint was the PFA. Therefore, the present action does not arise from the trust settlement, *per se.* In addition, Appellant was not a party to any settlement agreement with Appellee in which he agreed not to initiate or continue legal proceedings arising out of the trust. Appellant also argues the trial court

wrongly sustained Appellee's preliminary objections to Appellant's "Dragonetti" complaint and should have first adjudicated Appellant's preliminary objections, before dismissing his complaint with prejudice. Appellant concludes the court erred in sustaining Appellee's preliminary objections and his "Dragonetti" complaint should be reinstated.

¶ 9 In response, Appellee argues the underlying PFA complaint was filed with probable cause and for the primary purpose of protecting Appellee from further harassment and intimidation by Appellant. Appellee insists Appellant's "Dragonetti" complaint is simply a veiled attempt to continue litigation over the disputed trust settlement. Appellant was bound by the terms of the settlement agreement not to continue litigation arising out of the trust settlement. The present case is precisely such an effort. In Appellant's complaint, he devotes substantial paragraphs to explain the trust dispute and reargue the terms of the settlement agreement. Because the trust settlement was final, Appellant's "Dragonetti" complaint is precluded by the doctrine of *res judicata.*

¶ 10 In addition, Appellee contends the "Dragonetti" complaint lacked specificity, was legally insufficient, primarily pled as conclusions of law (Pa.R.C.P. 1028(a)(4) (demurrer)), and improperly served (Pa. R.C.P. 1028(a)(1) (improper service)) upon Appellee. Appellee defends she filed a *bona fide* PFA petition, based on Appellant's steady harassment and his continued intrusion into her life and disruption of her apartment lobby. The apartment manager and front desk clerk also confirmed that Appellant disrupted the apartment complex and its tenants, necessitating police intervention. Appellee filed at least two criminal reports, and at the behest of the police and on advice of counsel, she filed the PFA. Appellee concludes the court

properly sustained her preliminary objections and dismissed Appellant's "Dragonetti" complaint with prejudice. We agree.

¶ 11 The relevant scope and standard of review in examining a challenge to an order sustaining preliminary objections in the nature of a *demurrer* are as follows:

Our review of a trial court's sustaining of preliminary objections in the nature of a *demurrer* is plenary. Such preliminary objections should be sustained only if, assuming the averments of the complaint to be true, the plaintiff has failed to assert a legally cognizable cause of action. We will reverse a trial court's decision to sustain preliminary objections only if the trial court has committed an error of law or an abuse of discretion.

*Kramer v. Dunn,* 749 A.2d 984, 990 (Pa.Super.2000) (internal citations omitted).

All material facts set forth in the complaint as well as all inferences reasonably [deducible] therefrom are admitted as true for [the purpose of this review]. The question presented by the *demurrer* is whether, on the **facts** averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a *demurrer* should be sustained, this doubt should be resolved in favor of overruling it.

*Wawa, Inc. v. Alexander J. Litwornia & Associates,* 817 A.2d 543, 544 (Pa.Super.2003) (quoting *Price v. Brown,* 545 Pa. 216, 221, 680 A.2d 1149, 1151 (1996)) (emphasis added). Regarding a *demurrer,* this Court has held:

A *demurrer* is an assertion that a complaint does not set forth a cause of action or a claim on which relief can be granted. A *demurrer* by a defendant admits all relevant facts sufficiently pleaded in the complaint and all infer-

ences fairly deducible therefrom, but not conclusions of law or unjustified inferences. In ruling on a *demurrer*, the court may consider only such matters as arise out of the complaint itself; it cannot supply a fact missing in the complaint.

*Binswanger v. Levy*, 311 Pa.Super. 41, 457 A.2d 103, 104 (1983) (internal citations omitted). Where the complaint fails to set forth a valid cause of action, a preliminary objection in the nature of a *demurrer* is properly sustained. *McArdle v. Tronetti*, 426 Pa.Super. 607, 627 A.2d 1219, 1221 (1993), *appeal denied*, 537 Pa. 622, 641 A.2d 587 (1994).

■ ¶ 12 Pennsylvania is a fact-pleading state; a complaint must not only give the defendant notice of what the plaintiff's claim is and the grounds upon which it rests, but the complaint must also formulate the issues by summarizing those facts essential to support the claim. *Alpha Tau Omega Fraternity v. University of Pennsylvania*, 318 Pa.Super. 293, 464 A.2d 1349, 1352 (1983). Pennsylvania Rule of Civil Procedure 1019 governs the content of pleadings as follows:

**Rule 1019. Contents of Pleadings. General and Specific Averments**

(a) The material facts on which a cause of action or defense is based shall be stated in a concise and summary form.

(b) Averments of fraud or mistake shall be averred with particularity. Malice, intent, knowledge, and other conditions of mind may be averred generally.

(c) In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of such performance or occurrence shall be made specifically and with particularity.

(d) In pleading an official document or official act, it is sufficient to identify it by reference and aver that the document was issued or the act done in compliance with law.

(e) In pleading a judgment, order or decision of a domestic or foreign court, judicial or administrative tribunal, or board, commission or officer, it is sufficient to aver the judgment, order or decision without setting forth matter showing jurisdiction to render it.

(f) Averments of time, place and items of special damage shall be specifically stated.

(g) Any part of a pleading may be incorporated by reference in another part of the same pleading or in another pleading in the same action. A party may incorporate by reference any matter of record in any State or Federal court of record whose records are within the county in which the action is pending, or any matter which is recorded or transcribed verbatim in the office of the prothonotary, clerk of any court of record, recorder of deeds or register of wills of such county.

(h) When any claim or defense is based upon an agreement, the pleading shall state specifically if the agreement is oral or written.

*Note:* If the agreement is in writing, it must be attached to the pleading. See subdivision (i) of this rule.

(i) When any claim or defense is based upon a writing, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to the pleader, it is sufficient so to state, together with the reason, and to set forth the substance in writing.

Pa.R.C.P. 1019. The rule specifically require[s] the pleader to disclose the material facts sufficient to enable the

adverse party to prepare his case. A complaint therefore must do more than give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. It should formulate the issues by fully summarizing the material facts. Material facts are ultimate facts, *i.e.* those facts essential to support the claim. Evidence from which such facts may be inferred not only need not but should not be alleged.... Allegations will withstand challenge under [Rule] 1019(a) if (1) they contain averments of all of the facts the plaintiff will eventually have to prove in order to recover, and (2) they are sufficiently specific so as to enable defendant to prepare his defense.

*Baker v. Rangos,* 229 Pa.Super. 333, 324 A.2d 498, 505–06 (1974) (internal citations omitted).

¶ 13 Pennsylvania Rule of Civil Procedure 1028 provides, in pertinent part:

### Rule 1028. Preliminary Objections

(a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:

\* \* \*

(1) lack of jurisdiction over the subject matter of the action or the person of the defendant, improper venue or improper form or service of a writ of summons or a complaint

\* \* \*

(4) legal insufficiency of a pleading (demurrer)

\* \* \*

Pa.R.C.P. 1028(a)(1), (a)(4), (c)(2). A preliminary objection in the nature of a demurrer can be determined from facts of record; further evidence is not generally required. Pa.R.C.P. 1028(c) *Note.*

¶ 14 Pennsylvania law requires the following for return of service:

### Rule 405. Return of Service

(a) When service of original process has been made the sheriff or other person making service shall make a return of service **forthwith.**[2] If service has not been made and the writ has not been reissued or the complaint reinstated, a return of no service shall be made upon the expiration of the period allowed for service.

\* \* \*

(b) A return of service shall set forth the date, time, place and manner of service, the identity of the person served and any other facts necessary for the court to determine whether proper service has been made.

\* \* \*

(d) A return of service by a person other than the sheriff shall be by affidavit. If a person other than the sheriff makes a return of no service, the affidavit shall set forth with particularity the efforts made to effect service.

(e) The return of service or of no service shall be filed with the prothonotary.

\* \* \*

Pa.R.C.P. 405(a), (b), (d), (e) (emphasis added).

---

**2.** Rule 405(a) places upon a sheriff or other person an affirmative duty to make a return of service of original process forthwith upon making service. *Goodrich–Amram* proposes "forthwith" under Rule 405(a) means, at the outside, thirty days and concludes Rule 405(a) obligates a sheriff or other person to make the return even before the expiration of the thirty-day life span of the process. *Goodrich–Amram* 2d § 405(a):1 (2001 & Supp. 2007). Moreover, BLACK'S LAW DICTIONARY defines "forthwith" as "(1) immediately; without delay. 2. Directly; promptly; within a reasonable time under the circumstances." BLACK'S LAW DICTIONARY 664 (7th ed. 1999).

¶ 15 Service of process is a mechanism by which a court obtains jurisdiction of a defendant, and therefore, the rules concerning service of process must be strictly followed. *Cintas Corp. v. Lee's Cleaning Services, Inc.*, 549 Pa. 84, 91, 700 A.2d 915, 917 (1997) (citing *Sharp v. Valley Forge Medical Ctr. and Heart Hosp., Inc.*, 422 Pa. 124, 221 A.2d 185 (1966)).

> Thus, improper service is not merely a procedural defect that can be ignored when a defendant subsequently learns of the action against him or her. However, the absence of or a defect in a *return of service* does not necessarily divest a court of jurisdiction of a defendant who was properly served. The fact of service is the important thing in determining jurisdiction and ... proof of service may be defective or even lacking, but if the fact of service is established jurisdiction cannot be questioned.

*Cintas Corp., supra* at 91, 700 A.2d at 918. Our Supreme Court determined service is established when the return of service identifies: (1) the person who served the complaint; (2) the date, time, place, and manner of service; and (3) the person who accepted the complaint. *Cintas Corp., supra* at 92, 700 A.2d at 918. In *Cintas,* the return of service stated the plaintiff delivered the complaint to a named individual, at a specific time and location. *Id.* at 91–92, 700 A.2d at 918. The Court concluded the return of service was sufficient to comply with Rule 405(b). *Id.*

¶ 16 With regard to Appellant's substantive issues, Pennsylvania's Dragonetti Act defines a complaint under the Act as follows:

> § 8351. **Wrongful use of civil proceedings**
>
> (a) Elements of action.—A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to

the other for wrongful use of civil proceedings: (1) He acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and (2) The proceedings have terminated in favor of the person against whom they are brought.

42 Pa.C.S.A. § 8351.

> § 8352. **Existence of probable cause**
>
> A person who takes part in the procurement, initiation or continuation of civil proceedings against another has probable cause for doing so if he reasonably believes in the existence of the facts upon which the claim is based, and either:
>
> (1) Reasonably believes that under those facts the claim may be valid under the existing or developing law; (2) Believes to this effect in reliance upon the advice of counsel, sought in good faith and given after full disclosure of all relevant facts within his knowledge and information; or (3) Believes as an attorney of record, in good faith that his procurement, initiation or continuation of a civil cause is not intended to merely harass or maliciously injure the opposite party.

42 Pa.C.S.A. § 8352. The statute also provides for specific damages:

> § 8353. **Damages**
>
> When the essential elements of an action brought pursuant to this subchapter have been established as provided in section 8351 (relating to wrongful use of civil proceedings), the plaintiff is entitled to recover for the following:
>
> (1) The harm normally resulting from any arrest or imprisonment, or any dispossession or interference with the advantageous use of his land, chattels or

other things, suffered by him during the course of the proceedings.

(2) The harm to his reputation by any defamatory matter alleged as the basis of the proceedings.

(3) The expense, including any reasonable attorney fees that he has reasonably incurred in defending himself against the proceedings.

(4) Any specific pecuniary loss that has resulted from the proceedings.

(5) Any emotional distress that is caused by the proceedings.

(6) Punitive damages according to law in appropriate cases.

42 Pa.C.S.A. § 8353. Importantly, the statute makes clear:

### § 8354. Burden of proof

In an action brought pursuant to this subchapter the plaintiff has the burden of proving, when the issue is properly raised, that:

(1) The defendant has procured, initiated or continued the civil proceedings against him.

(2) The proceedings were terminated in his favor.

(3) The defendant did not have probable cause for his action.

(4) The primary purpose for which the proceedings were brought was not that of securing the proper discovery, joinder of parties or adjudication of the claim on which the proceedings were based.

(5) The plaintiff has suffered damages as set forth in section 8353 (relating to damages).

42 Pa.C.S.A. § 8354.

¶ 17 Pennsylvania common law defines a cause of action for abuse of process as follows:

The tort of "abuse of process" is defined as the use of legal process against another primarily to accomplish a purpose for which it is not designed. To establish a claim for abuse of process it must be shown that the defendant (1) used a legal process against the plaintiff, (2) primarily to accomplish a purpose for which the process was not designed; and (3) harm has been caused to the plaintiff. This tort differs from that of wrongful use of civil proceedings in that, in the former, the existence of probable cause to employ the particular process for its intended use is immaterial. The gravamen of abuse of process is the perversion of the particular legal process for a purpose of benefit to the defendant, which is not an authorized goal of the procedure. In support of this claim, the [plaintiff] must show some definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process ...; and there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions.

*Shiner v. Moriarty*, 706 A.2d 1228, 1236 (Pa.Super.1998), *appeal denied*, 556 Pa. 711, 729 A.2d 1130 (1998).

The gravamen of the misconduct for which the liability stated ... is imposed is not the wrongful procurement of legal process or the wrongful initiation of criminal or civil proceedings; it is the misuse of process, no matter how properly obtained, for any purpose other than that which it was designed to accomplish. Therefore, it is immaterial that the process was properly issued, that it was obtained in the course of proceedings that were brought with probable cause and for a proper purpose, or even that the proceedings terminated in favor of the person instituting or initiating them. The subsequent misuse of the process, though properly

obtained, constitutes the misconduct for which the liability is imposed. . . .

*Rosen v. American Bank of Rolla,* 426 Pa.Super. 376, 627 A.2d 190, 192 (1993).

¶ 18 Instantly, Appellant asked the prothonotary on August 14, 2006, to issue a writ of summons to commence the present action. Although Appellant alleges he served the writ of summons on Appellee on August 29, 2006, the return of service for the writ was not filed with the prothonotary until January, 12, 2007—the same date Appellant filed his "Dragonetti" complaint. The return of service purportedly filed by a "Melvyn Freid," stated that legal papers were delivered to Appellee's residence, to an unidentified receptionist with the following description: "[gray] hair man. Approximately 60 years of age. Stocky physique." Further, the return of service notes the time and place of service but fails to sufficiently describe the manner in which service was effectuated or whether Mr. Freid met the requirements under the statute to serve legal papers. *See Cintas, supra.* Thus, the return of service for the writ of summons did not contain sufficient information for a court to determine that service was proper, and this deficiency renders service debatable. *See id.* Additionally, a return of service filed more than four months after the alleged service fails to conform to Rule 405(a), which requires the return of service to be filed "forthwith." *See* Pa.R.C.P. 405(a).

¶ 19 More importantly, Appellant's complaint speaks for itself. The complaint consists of fifty-seven (57) paragraphs of irrelevant "background" information related to a prior legal dispute between the parties, which Appellant admits has nothing to do with his current "Dragonetti" action. Appellant's additional averments, which he calls "abuse of process," include another fourteen (14)

paragraphs (58 to 72). Appellant failed to formulate the issues by fully summarizing the **material** facts in his complaint. *See Baker, supra;* Pa.R.C.P. 1019(a). Specifically, these paragraphs consist solely of conclusions of law. Nowhere in his complaint does Appellant fully satisfy the elements of either an abuse of process or a "Dragonetti" cause of action. *See Shiner, supra;* 42 Pa.C.S.A. § 8351. *See also Allegheny County v. Commonwealth,* 507 Pa. 360, 372, 490 A.2d 402, 408 (1985) (stating: "The pleader's conclusions or averments of law are not considered to be admitted as true by a demurrer"). Appellant does not aver well-pled facts which would permit the conclusion that Appellee acted in a grossly negligent manner or without probable cause in filing her PFA. *See* 42 Pa. C.S.A. §§ 8352, 8354.

¶ 20 Further, Appellant fails to support his claim for damages under the statute. Appellant baldly concludes he is "entitled to at least $50,000 (fifty thousand dollars) in compensatory damages arising from [Appellee's] filing of a Domestic Violence Complaint and Petition for Protection from Abuse against him" and "entitled to at least $50,000 (fifty thousand dollars) in salutary damages arising from [Appellee's] filing of a Domestic Violence Complaint and Petition for Protection from Abuse against him" (*See* Complaint, Paragraphs 71–72; R.R. at 25.) Appellant's series of legal conclusions coupled with his bald assertions of damages cannot sustain his "Dragonetti" action. *See* 42 Pa.C.S.A. §§ 8353, 8354. Therefore, Appellant fails to establish all the elements of a Dragonetti claim or an Abuse of Process claim. *See* 42 Pa.C.S.A. §§ 8351–8354; *Shiner, supra; Rosen, supra.*

¶ 21 Appellant also argues the court erred when it sustained Appellee's preliminary objections without leave to Appellant to amend his complaint, Appellant

asserts he had a right to amend his complaint at that time. Appellant, however, has confused his rights under the applicable rules. Rule 1028 provides in (c)(1) "A party may file an amended pleading **as of course** within twenty days **after service of a copy of preliminary objections.** If a party has filed an amended pleading as of course, the preliminary objections to the original pleading shall be deemed moot." Pa.R.C.P. 1028(c)(1) (emphasis added). "If the preliminary objections are **overruled, the objecting party shall have the right to plead over within twenty days** after notice of the order or within such other time as the court shall fix." Pa.R.C.P. 1028(d) (emphasis added). Thus, the rule provided Appellant the opportunity to file an amended pleading **as of right** in only one instance: within twenty days of service of Appellee's preliminary objections. That scenario did not occur in this case. Instead, Appellant filed preliminary objections to Appellee's preliminary objections. Thus, Appellant's claim of right is unavailing.

¶ 22 To the extent Appellant argues the court erred when it sustained Appellee's preliminary objections before ruling on his preliminary objections to her preliminary objections, Appellant fails to cite to any relevant supporting rule or case law that precludes a trial court from disposing of open preliminary objections contemporaneously. Therefore, Appellant's claim is waived. *See Jones v. Jones*, 878 A.2d 86 (Pa.Super.2005) (reiterating general rule: "It is the appellant who has the burden of establishing [his] entitlement to relief by showing that the ruling of the trial court is erroneous under the evidence or the law. Where the appellant has failed to cite any authority in support of a contention, the claim is waived").

¶ 23 We note the trial court saw Appellant's "Dragonetti" complaint as a transparent attempt to engage the court in another episode in the long saga of disagreements between the parties. The court saw the current dispute as just a new hat on an old horse and treated it accordingly. We cannot necessarily fault the court in that regard. Moreover, we refuse to support Appellant's waste of judicial resources to mediate the historically confused relationship between the parties in this case. *See Commercial Credit Corp. v. Cacciatiore*, 343 Pa.Super. 430, 495 A.2d 540, 542 (1985) (stating: "With the volume and complexities of the matters coming to our judicial system for resolution, it has become imperative that the former paternalistic approach be discarded and a high degree of professionalism be insisted upon. Our resources are not unlimited and must be utilized to provide the greatest good to the greatest number").

¶ 24 Based upon the foregoing, we affirm the court's order sustaining Appellee's preliminary objections and dismissing with prejudice Appellant's complaint, albeit on different grounds.[3] *See Devine v. Hutt*, 863 A.2d 1160, 1170 (Pa.Super.2004) (reiterating appellate court may affirm trial court on any basis if result is correct).

¶ 25 Order affirmed.

¶ 26 *Judge KLEIN concurs in the result.

---

**3.** Due to our disposition, we need not address    Appellant's third issue.