## Dowling v. Blue Ridge Communications

C.P. of Monroe County, no. 4279 Civil 2009.

*Erv D. McLain,* for plaintiff.
*K. Michael Carr,* for defendants.

WALLACH MILLER, *J.,* August 4, 2010—Plaintiff Beth Dowling is a subscriber to defendant Blue Ridge Communication's telecommunication service. On July 11, 2008, responding to a request from Dowling, Blue Ridge sent their technician employee defendant Brian Swingle to Dowling's residence on a routine service call. After completing his work, Swingle and Dowling had a conversation which turned personal and romantic. After this, Swingle and Dowling continued a relationship via telephone and text messages.

On August 4, 2008, Dowling drove to a location somewhere on Route 715 in Monroe County and met Swingle. She climbed into the Blue Ridge truck and the two had a consensual sexual encounter.

The next day, Dowling terminated the relationship because she alleges that Swingle had became verbally abusive and was harassing her. Dowling complained to

Blue Ridge about Swingle's conduct on August 11, 2008, and filed a writ of summons on May 6, 2009.

Blue Ridge now raises preliminary objections in the form of a demurrer. For the following reasons we sustain Blue Ridge's preliminary objections.

Pa.R.C.P. 1028(a)(4) permits a party to file a demurrer to challenge insufficient pleadings. Preliminary objections in the nature of a demurrer assert that a complaint fails to state a claim upon which relief can be granted. *Lerner v. Lerner,* 954 A.2d 1229, 1234 (Pa. Super. 2008). A demurrer by a defendant admits all relevant facts sufficiently pleaded in the complaint and all inferences fairly deducible. *Id.* at 1234-35. A demurrer does not admit conclusions of law or unjustified inferences. *Id.* Preliminary objections may only be granted in cases that are free from doubt. *McCullough v. Clark,* 784 A.2d 156, 157 (Pa. Super. 2001).

Blue Ridge argues that Dowling has not set out a prima facie case for negligent hiring, retention, supervision, and entrustment. Under Pennsylvania law, a plaintiff seeking to recover on a negligent hiring theory must show: (1) employer defendant knew or should have known of the violent propensity of the employee and (2) such employment creates a situation in which a third party may be harmed. *Coath v. Jones,* 277 Pa. Super. 479, 482, 419 A.2d 1249, 1250 (1980) (citing *Dempsey v. Walso Bureau Inc.,* 431 Pa. 562, 246 A.2d 418 (1968)). Our Supreme Court's holding in *Hutchison ex rel. Hutchison v. Luddy,* 560 Pa. 51, 65, 742 A.2d 1052, 1059-60 (1999), emphases the importance of defendant employer's knowledge of prior conduct by employee. In the instant case, Dowling alleges that Blue Ridge should have known of Swingle's behavior or behavioral pro-

pensities towards women. Accepting Dowling's well-pled facts as true, we find she has failed to allege facts establishing prior incidents that would put Blue Ridge on notice of any propensities of Swingle. As such, we find that Dowling has failed to establish a prima facie case for negligent hiring, retention, supervision, and entrustment. Consistent with *Hutchison,* we therefore sustain Blue Ridge's demurrer on this ground.

Blue Ridge also argues that Dowling has failed to establish a prima facie case for vicarious liability. Our Pennsylvania Superior Court has held that it "is well settled that an employer is held vicariously liable for the negligent acts of his employee which cause injuries to a third party, provided that such acts were committed during the course of and within the scope of the employment." *Sutherland v. Monongahela Valley Hospital,* 856 A.2d 55, 62 (Pa. Super. 2004) (citing *R.A. v. First Church of Christ,* 748 A.2d 692, 699 (Pa. Super. 2000)). Our Superior Court in *Dillow v. Myers,* 916 A.2d 698, 700 (Pa. Super. 2007) held that an employee's conduct is considered "within the scope of employment" for the purpose of vicarious liability if: (1) it is of the kind and nature that the employee is employed to perform; (2) it occurs substantially within the authorized time and space limits; (3) it is actuated, at least in part, to serve the employer's purpose; and (4) if force is used intentionally by the employee against another, the use of force is not unexpected by the employer. Dowling argues that Swingle acted within the course of his duties as his initial contact with Dowling was during his service call. Similarly, their sexual encounter was inside a Blue Ridge truck during work hours. However, Dowling has failed to plead facts establishing that Swingle's actions are of

the type he was employed to perform. Similarly, Dowling failed to allege ways in which Swingle actuated Blue Ridge's purpose. In addition, Dowling's complaint clearly states that their initial discussion of romance began after Swingle performed his work. There is no allegation that force was used during their encounters. As such, we find that Dowling has failed to plead that Swingle's actions were "within the scope of employment." As such, Dowling has insufficiently pled a prima facie case of vicarious liability. We will therefore sustain Blue Ridge's demurrer.

Blue Ridge finally raises a preliminary objection to Dowling's claim for punitive damages. A request for punitive damages does not constitute a cause of action but is merely incidental to a cause of action. *Nix v Temple University of the Commonwealth System of Higher Education,* 408 Pa. Super. 369, 380, 596 A.2d 1132, 1138 (1991). As we found the underlying claims against Blue Ridge to be insufficiently plead, we likewise sustain Blue Ridge's preliminary objection to Dowling's request for punitive damages. We enter the following order accordingly.

## ORDER

And now, August 4, 2010, upon consideration of the preliminary objections of defendant, Blue Ridge Communications, it is hereby ordered that all claims against Blue Ridge Communications be and hereby are dismissed, with prejudice. The caption of this case shall be amended to delete Blue Ridge Communications as a party.