Crews v. Albert Einstein Medical Center

*Marc A. Weinberg,* for plaintiff.
*Cy Goldberg,* for defendant.

TERESHKO, *J.,* August 5, 2011—Plaintiffs Lavirna Crews and Rosemarie Bowden appeal the March 7th, 2011 order granting defendant Albert Einstein Medical Center's preliminary objections and dismissing plaintiffs' complaint.

## FACTUAL BACKGROUND

On January 9, 2009, plaintiff Rosemarie Bowden ("Bowden") was pushing her mother, plaintiff Lavirna Crews ("Crews") in a seated walker on defendant Albert Einstein Medical Center's ("AEMC") property. As Bowden was pushing Crews, the walker got caught on an uneven exit threshold on the hospital premises causing both Crews and Bowden to fall and suffer injuries. (Complaint ¶9,18).

On December 30, 2010 Crews and Bowden instituted this action asserting that AEMC was negligent in failing to maintain their premises in a safe condition. (Complaint ¶11). In the complaint the location of the fall was identified as "the subject area." (Complaint ¶7, 16).

AEMC filed their preliminary objections to the plaintiffs' complaint on January 18, 2011. In the preliminary objections, AEMC stated that the plaintiffs' complaint failed to conform to Pennsylvania Rule of Civil Procedure 1028(a)(2) stating that preliminary objections may be filed on grounds of failure of a pleading to conform to law or rule of court. (Defendant's preliminary objections, pg. 2). They argue that under Rule 1019(a) of the Pennsylvania Rules of Civil Procedure

the plaintiffs' complaint fails to sufficiently identify the location of the incident. *Id.* Defendant also argued that the complaint should be dismissed because it was filed without a signed verification by plaintiff Bowden. *Id.* at 3.

On January 20, 2011 Bowden submitted the verification to the complaint. The plaintiffs also submitted an amended complaint on February 7, 2011. In their amended complaint the location of the fall was identified as "located between the hallway and vestibule of the hospital premises." (Plaintiffs' amended complaint, ¶7, 16).

AEMC filed their preliminary objections to plaintiffs' amended complaint on February 10, 2011. Again AEMC argued that plaintiffs' amended complaint failed to conform to Pennsylvania Rule of Civil Procedure 1028(a)(2) stating that preliminary objections may be filed on grounds of failure of a pleading to conform to law or rule of court. (Defendant's preliminary objections to amended complaint, pg. 2). AEMC argued that under Rule 1019(a) describing the location of the fall as "between the hallway and vestibule of the hospital premises" is not specific enough and fails to sufficiently identify the location of the incident. AEMC attached a map of the medical center showing that there are 11 buildings with many hallways and vestibule areas.

This court granted the defendant's preliminary objections to the amended complaint, dismissing the case with prejudice on March 7, 2011. Plaintiffs Crews and Bowden appealed from this order on April 6, 2011 and subsequently filed their concise statement of matters pursuant to Pa. R.A.P. 1925(b).

One issue on appeal is whether this court committed an error of law or abused its discretion in granting defendant's preliminary objections to the amended complaint where this court found that the amended complaint was not specific enough and failed to sufficiently identify the location of the incident.

The second issue raised by the plaintiffs is whether the court made an error of law or abused its discretion when it failed to order plaintiffs to file an amended complaint based upon defendant's preliminary objections of insufficient specificity of the location of the incident.

## LEGAL ANALYSIS

*Lack of Specificity*

Under Pennsylvania law, the standard for sustaining preliminary objections in the form of demurrer are quite strict:

"A demurrer admits every well-pleaded material fact set forth in the pleadings to which it is addressed as well as all inferences reasonably deducible therefrom, but not conclusions of law... In order to sustain the demurrer, it is essential on its face that his claim cannot be sustained, and the law will not permit recovery... If there is any doubt, this should be resolved in favor of overruling the demurrer."

*National Recovery Systems v. Frebraro*, 287 Pa. Super 442, 444, 430 A.2d 686, 687 (Pa. Super 1981).

The court may dismiss a complaint by way of preliminary objections when it is free from doubt based on the pleaded facts that the pleader is unable to prove

a legally sufficient claim to establish his right to relief. *Bower v. Bower*, 531 Pa. 54, 57, 611 A.2d 181,182.

Pennsylvania Rule of Civil Procedure 1028(a)(2) authorizes a party to challenge a pleading that fails to conform to law or rule of court by filing a preliminary objection. *Ferrari v. Antonacci*, 456 Pa. Super 54, 57, 689 A.2d 320, 322 (Pa. Super. 1997).

Rule 1019(a) of the Pennsylvania Rules of Civil Procedure states, "The material facts on which a cause of action or defense is based shall be stated in a concise and summary form." *Lerner v. Lerner*, 954 A.2d 1229, 1235 (Pa. Super. 2008). This rule specifically requires the complaint to include the material facts sufficient to allow the defendant to prepare his case. *Id.* The complaint must do more than give the defendant fair notice of the plaintiff's claim; it must fully summarize the material facts, those that are essential to support the claim. *Id.* at 1236. The facts in the complaint must be, "sufficiently specific so as to enable defendant to prepare his defense." *Id.*

The plaintiffs' amended complaint fails to sufficiently identify the location of the incident. The amended complaint only identifies the location of the alleged fall as an "uneven exit threshold located between the hallway and the vestibule of the hospital premises." (Plaintiffs' amended complaint, ¶7). The defendant's premise includes 11 buildings on a vast campus. There are numerous thresholds, hallways, and vestibule areas. There is no way to determine where the location of the accident happened based on the amended complaint. The information in the amended complaint is not sufficiently specific so as to enable the defendant to prepare his defense. Accordingly,

granting the defendant's preliminary objections and dismissing the amended complaint was proper.

*Failing to Order Plaintiffs to Amend Complaint*

Under Pennsylvania rule of Civil Procedure 1028(c)(1), "A party may file an amended pleading as of course within twenty days after service of a copy of preliminary objections." The plaintiffs in this case were free to file a second amended complaint after being served with the defendant's preliminary objections to plaintiffs' amended complaint. The Pennsylvania Rules of Civil Procedure are clear that court permission is not required to amend the complaint under these circumstances. Plaintiffs' failure to file a second amended complaint was the result of their own neglect.

## CONCLUSION

For all of the aforementioned reasons this court respectfully requests that the March 7, 2011 order be affirmed.