J-S19019-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BRITTANY MAUGER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTIAN J. GENUARDI | |
| Appellant | No. 1916 EDA 2014 |

Appeal from the Order Entered June 13, 2014
In the Court of Common Pleas of Montgomery County
Domestic Relations at No(s): 2007-13058

BEFORE:  STABILE, J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY JENKINS, J.:                    **FILED APRIL 07, 2015**

Appellant Christian J. Genuardi ("Father") appeals *pro se* from the order entered in the Montgomery County Court of Common Pleas, which dismissed Father's support exceptions.  We affirm.

Appellant and Appellee Brittany Mauger ("Mother") are the natural parents of a child born out of wedlock on October 7, 2006.  Mother filed her first petition for custody on June 5, 2007.  Although there has been extensive litigation over the custody of the child since the initial petition, the trial court summarizes the relevant procedural history of this appeal as follows:

> [Father] filed a petition to modify support in the Domestic Relations Office ("DRO") on December 16, 2013.  The Support Master issued a recommendation dated March 13, 2014.  On April 4, 2014, [Father] filed exceptions to the Support Master's recommendation.

> The court issued two (2) orders dated April 28, 2014. One of the orders scheduled [Father's] support exceptions for a hearing on June 11, 2014. The second order was a discovery order that directed the parties to bring certain documents with them to the hearing on June 11, 2014.
>
> [Father] failed to comply with the discovery order in that he did not bring all of the documents set forth in the discovery order. As a result, we dismissed [Father's] support exceptions by order entered on June 13, 2014.
>
> On July 7, 2014, [Father] filed an appeal from the June 13, 2014. By order entered on July 18, 2014, we directed [Father] to file a concise statement of matters complained of on appeal.
>
> [Father] complied with that order and filed his concise statement on August 7, 2014.

Trial Court Opinion ("T.C.O."), filed September 4, 2014, at 1-2 (unnecessary capitalization omitted).

Father fails to articulate an issue for our review in his *pro se* brief by failing to include a statement of issues presented.[1]

_____

[1] However, in his Pa.R.A.P. 1925(b) statement, Father preserved the following issues:

> A. July 27, 2012 Appeals Administrative Law Judge Harry C. Taylor ruled that Appellant was and is permanently disabled as of 2009 and Appellant remains disabled. Appellant has no earning capacity or capability nor does Appellant have gross or net income.
>
> B. Appellant is receiving SSI Benefits which is a needs based program; Master Coacher chose to ignore the rule p.a. code 1910.16-2 E defined by support law 23 Pa. C.S.A ss 4302 "official Note (1)

*(Footnote Continued Next Page)*

We observe:

> "When briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities." **Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa.Super.2007), *appeal denied,* 940 A.2d 362 (Pa.2008) (citations omitted); **Commonwealth v. Whitaker**, 30 A.3d 1195, 1197 n. 7 (Pa.Super.2011); Pa.R.A.P. 2119(b). We "will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived." **Hardy**, 918 A.2d at 771.

*(Footnote Continued)* ―――――――――――

> C. The March 18, 2014 Masters report also unlawfully utilized SSI Benefits for calculation of support without consideration of the Self-Support Reserve or any living expenses. Rule 1910.16-2E. For unfounded reasons, Master Coacher divined an earning capacity of $1,919.47 per month for Appellant who is held to an unexplainable earning capacity of $2,400 monthly gross this calculation is mathematically defective and incorrect.
>
> D. Master Coacher also factored costs of childcare provided to her in her calculations which Appellant discovered were inaccurate/false expenses. Brittany Mauger/Plaintiff provided falsified documentation to the court and Master Coacher that her monthly cost of daycare was $600 when in fact it was $400. This exacerbates the miscalculations on the part of Master Coacher.

Father's Pa.R.A.P. 1925(b) statement (verbatim).

- 3 -

*In re R.D.*, 44 A.3d 657, 674 (Pa.Super.2012), *appeal denied,* 56 A.3d 398 (Pa.2012).

"It is the appellant who has the burden of establishing [his] entitlement to relief by showing that the ruling of the trial court is erroneous under the evidence or the law. Where the appellant has failed to cite any authority in support of a contention, the claim is waived." *Lerner v. Lerner*, 954 A.2d 1229, 1240 (Pa.Super.2008). Additionally, "[t]his Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure." *Wilkins v. Marsico*, 903 A.2d 1281, 1284 (Pa.Super.2006), *appeal denied*, 918 A.2d 747 (Pa.2007) (internal citations omitted).

"Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." *Id.* at 1285.

The Pennsylvania Rules of Appellate Procedure provide guidelines regarding the required content of an appellate brief:

**Rule 2111. Brief of the Appellant**

**(a) General Rule.** The brief of the appellant, except as otherwise prescribed by these rules, shall consist of the following matters, separately and distinctly entitled and in the following order:

(1) Statement of jurisdiction.

- 4 -

(2) [Order or other determination in question.]

(3) [Statement of both the scope of review and the standard of review.]

(4) **Statement of the question involved**.

(5) Statement of the case.

(6) Summary of the argument.

(7) Argument for the appellant.

(8) A short conclusion stating the precise relief sought.

(9) The opinions and pleadings specified in Subdivisions (b) and (c) of this rule.

(10) In the Superior Court, a copy of the statement of the matters complained of on appeal filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a Rule 1925(b) statement was entered.

Pa.R.A.P. 2111(a)(1)-(10) (emphasis added).

Although Father presents us with four pages of argument, he does not include a statement of the questions involved in his brief. Further, while his argument appears to challenge the Montgomery County Domestic Relations Master's findings of fact and the trial court's decision to dismiss his exceptions as a sanction for his discovery violation, he fails to cite any case law in support of this challenge.[2] Father's *pro se* status does not remedy his

_____

[2] We will not act as counsel and develop arguments for Father, who has failed to meet the burden of establishing entitlement to relief by showing that the ruling of the trial court is erroneous under the law. **See Lerner, supra.**

briefing deficiencies. **See Wilkins, supra.** Thus, the claims in Father's brief are waived.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/7/2015