J-A14033-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| HEIDI K. JOSEPH | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRAD E. JOSEPH, | : | |
| | : | |
| Appellant | : | No. 1803 WDA 2018 |

Appeal from the Order Entered November 20, 2018
in the Court of Common Pleas of Allegheny County
Family Court at No(s):  FD 10-008872-002

BEFORE:  OTT, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                         FILED JULY 25, 2019

Brad E. Joseph ("Husband") appeals from the Order sustaining the Preliminary Objections filed by Heidi K. Joseph ("Wife"), and dismissing Husband's "Petition Raising Claims," with prejudice.  We affirm.

Husband and Wife married in July 1982.  The parties separated in September 2008.  In November 2010, Wife filed a Complaint in Divorce.  On May 24, 2013, Wife filed an Affidavit pursuant to Section 3301(d) of the Divorce Code, asserting that the marriage was irretrievably broken, and that the parties had lived separate and apart for at least two years.  On June 20, 2013, Husband, pro se, filed a Counter-Affidavit, consenting to the entry of a divorce decree, and indicating that he intended to make claims for economic relief prior to entry of the divorce decree.  Husband did not file a separate complaint asserting economic claims.

On April 2, 2018, Wife served Husband with a Notice of her intent to seek a divorce decree. On May 11, 2018, Husband filed a Counter-Affidavit, asserting that he opposed the entry of a divorce decree because there were economic claims pending, and indicating that he intended to make claims for economic relief. Husband did not file a separate complaint asserting economic claims.

On May 15, 2018, the trial court entered a Consent Order, by which the parties agreed to bifurcate the claim for divorce from any economic claims. On May 18, 2018, Wife filed a Praecipe to transmit the record, requesting a divorce decree. On June 1, 2018, the trial court entered a Decree of Divorce.

On July 16, 2018, Husband, pro se, filed a Petition Raising Claims, seeking alimony and equitable distribution. Wife filed Preliminary Objections in the nature of a demurrer. Husband filed a response, and a brief in opposition. Following argument thereon, the trial court sustained Wife's Preliminary Objections and dismissed Husband's Petition Raising Claims, with prejudice. Husband filed a timely Notice of Appeal and a Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

On appeal, Husband raises the following question for our review:

> Whether the trial court erred in dismissing Husband's Petition Raising Claims when Wife's counsel persuaded Husband to bifurcate the divorce proceeding and economic claims[,] and immediately pursu[ed] the divorce decree just three days after the filing of Husband's Counter-Affidavit under [23 Pa.C.S.A.] § 3301(d)?

Brief for Husband at x.

Husband alleges that the trial court's Decree of Divorce does not prevent him from pursuing claims for equitable distribution and alimony. See Brief for Appellant at 4-7. According to Husband, he preserved these claims by indicating his intention to pursue the claims in his 2013 and 2018 Counter-Affidavits. Id. at 4. Husband argues that the parties agreed to bifurcate the claim for divorce from any economic claims in order to allow Husband to pursue claims for equitable distribution and alimony. Id. at 5-6.

> Our review of a trial court's sustaining of preliminary objections in the nature of a demurrer is plenary. Such preliminary objections should be sustained only if, assuming the averments of the complaint to be true, the plaintiff has failed to assert a legally cognizable cause of action. We will reverse a trial court's decision to sustain preliminary objections only if the trial court has committed an error of law or an abuse of discretion.
>
> All material facts set forth in the complaint as well as all inferences reasonably deducible therefrom are admitted as true for the purpose of this review. The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it.

Lerner v. Lerner, 954 A.2d 1229, 1234 (Pa. Super. 2008) (citations and brackets omitted).

Regarding Husband's claim for equitable distribution, Section 3503 of the Divorce Code states as follows:

§ 3503. Effect of divorce on property rights generally

Whenever a decree or judgment is granted which nullifies or absolutely terminates the bonds of matrimony, all property rights which are dependent upon the marital relation, except those which are vested rights, are terminated

unless the court expressly provides otherwise in its decree. All duties, rights and claims accruing to either of the parties at any time theretofore in pursuance of the marriage shall cease, and the parties shall severally be at liberty to marry again as if they had never been married.

23 Pa.C.S.A. § 3503 (emphasis added).

Here, Husband's claim for equitable distribution is a property right which is dependent upon the marital relation. See 23 Pa.C.S.A. § 3501 (defining marital property). Husband did not make a claim for equitable distribution in a separate pleading prior to entry of the Decree of Divorce. See Pa.R.C.P. 1920.33. Accordingly, Husband's right to seek equitable distribution terminated upon the trial court's entry of the Decree of Divorce.

Regarding Husband's claim for alimony, Pa.R.C.P. 1920.31 states, in relevant part, as follows:

[(a)](2) A divorce complaint shall not include claims for child support, spousal support, and alimony pendente lite. Instead, claims for child support, spousal support, and alimony pendente lite shall be raised in the domestic relations section by filing a complaint pursuant to Pa.R.C.P. No. 1910.4.

....

(c) The failure to claim ... alimony, alimony pendente lite, ... prior to the entry of a final decree of divorce or annulment shall be deemed a waiver of those claims, unless the court expressly provides otherwise in its decree. ...

Pa.R.C.P. 1920.31.

Here, Husband did not file a complaint with a claim for alimony. Additionally, the trial court did not preserve any economic claims in the Decree

of Divorce. Therefore, Husband waived his claim for alimony. See Pa.R.C.P. 1920.31(c).

Accordingly, Husband's Petition Raising Claims did not set forth a cognizable cause of action, and the trial court did not err in sustaining Wife's Preliminary Objections.[1, 2] See Lerner, supra.

Order affirmed.

_____

[1] Although the trial court bifurcated the divorce claim from any economic claims, Husband failed to raise any economic claims prior to the entry of the Decree of Divorce, and the trial court did not preserve any economic claims in its Decree. See Pa.R.C.P. 1920.31, 23 Pa.C.S.A. § 3503 (permitting the trial court to preserve claims that the divorce decree would otherwise terminate).

[2] We note that although Husband was pro se during the pendency of the divorce, this does not excuse his failure to assert his claims to equitable distribution and alimony prior to the trial court's entry of the Decree of Divorce. See Savage v. Savage, 736 A.2d 633, 647-48 (Pa. Super. 1999) (stating that "[w]hen a party chooses to represent h[im]self, as here, [he] cannot impose on the necessarily impartial court or master the responsibility to act as the party's counsel and direct h[im] repeatedly how to proceed[,] or to proceed for h[im]. When a party decides to act on h[is] own behalf, [he] assumes the risk of h[is] own lack of professional, legal training."); see also Rich v. Acrivos, 815 A.2d 1106, 1108 (Pa. Super. 2003) (stating that "any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing."). Moreover, Husband acknowledged the requirement to file a complaint to assert any economic claims. See Counter-Affidavit, 6/20/13, and Counter-Affidavit, 5/11/18 (wherein Husband affirmed he understood that "in addition to [indicating on the Counter-Affidavit, Husband] must also file all of [his] economic claims with the Prothonotary in writing … [and] if [Husband] fail[s] to do so before the date set forth in the Notice of intention to request divorce decree, the divorce decree may be entered without further notice to [Husband], and [Husband] shall be unable thereafter to file any economic claims."). While we empathize with Husband, he had every opportunity to assert his rights, and he failed to do so.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/25/2019