NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-2452

_____

WAYNE "SKIP" A. DREIBELBIS, JR.,
Appellant

v.

BENJAMIN J. CLARK

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4-17-cv-01864)
District Judge: Honorable John E. Jones, III

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
April 23, 2020

Before: AMBRO, SHWARTZ, and BIBAS, Circuit Judges

(Opinion filed: May 6, 2020)

_____

OPINION[*]

_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

AMBRO, Circuit Judge

Wayne Dreibelbis, Jr., sued a Pennsylvania State Police Trooper, Benjamin Clark, for malicious prosecution, abuse of process, and First Amendment retaliation. The District Court entered summary judgment for Clark on all claims, concluding that a reasonable jury could not find for Dreibelbis. We agree and hence affirm.

I.[1]

On August 21, 2015, Dreibelbis was flying his drone at a fairgrounds in Centre County, Pennsylvania. As he was landing the drone, a security guard for the fairgrounds approached, "snared [the drone] out of the air[,] and broke it." J.A. 217. Other security guards came to the scene, and an argument between Dreibelbis and the guards ensued. Dreibelbis grabbed his phone from his vehicle and began to video the encounter.

The drone was returned to Dreibelbis, and he put it into his vehicle and attempted to leave, but the guards blocked his path. With his video still running, he got out, asked why he was being held up, and learned the police had been called. The confrontation escalated, with the guards tackling Dreibelbis to the ground, taking the phone from him, and stopping the video.

Trooper Clark arrived shortly thereafter. He spoke to the guards, who told him Dreibelbis "had attempted to run over" several of them. J.A. 128. Clark then asked Dreibelbis accompany him to a room at the fairgrounds, and Dreibelbis complied. There Clark reviewed the video, spoke with Dreibelbis about what had occurred, then told him

---

[1] The facts are set out in the light most favorable to Dreibelbis, the non-movant.

he could go. On reviewing the video, Clark "immediately recognized that . . . [Dreibelbis] did not try to run anyone over." J.A. 137.

One month after the incident, Clark filed a citation with a magisterial district court—a low-level Commonwealth court in which parties can appear without counsel—charging Dreibelbis with disorderly conduct under Pennsylvania law. The citation noted that he had "engage[d] in threatening and tumultuous behavior during [his] encounter" with the security guards. J.A.246.

Dreibelbis pled not guilty to the charge, and a trial followed. Clark, who acted as prosecutor, called the security guards to testify. Dreibelbis testified in his own defense and presented the video. Following the trial, the judge found Dreibelbis not guilty "due to Judicial Discretion." J.A. 253.

Dreibelbis then brought this suit in federal district court against Clark raising the following claims: malicious prosecution (under state and federal law), abuse of process (under state and federal law), and First Amendment retaliation. The Court granted summary judgment for Clark on all claims. As to the malicious-prosecution claims, it concluded that they failed because Clark's citation of Dreibelbis for disorderly conduct was supported by probable cause. And as for the abuse-of-process and First Amendment retaliation claims, it held that there was no evidence from which a reasonable jury could find a retaliatory or other improper motive. Dreibelbis appeals.

3

Under both Pennsylvania law and the Fourth Amendment (for which 42 U.S.C. § 1983 provides a remedy), to succeed on a malicious prosecution claim a plaintiff must show that the defendant "initiated [a criminal] proceeding without probable cause" and did so "maliciously." *Zimmerman v. Corbett*, 873 F.3d 414, 418 & n.20 (3d Cir. 2017). The offense for which Dreibelbis was charged, disorderly conduct, requires merely that a person, "with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, . . . engages in fighting or threatening, or in violent or tumultuous behavior." 18 Pa. C.S.A. § 5503(a).

We agree with the District Court that Clark's citation of Dreibelbis was supported by probable cause and that there was no evidence that Clark acted from any malicious motive. He relied on reports from the security guards that, even before Dreibelbis began videoing the encounter, he had "yell[ed]," "shout[ed], and "attempted to push" past one of the security guards, all while demanding the return of his drone. J.A. 160–61; *see also* J.A. 250–51.[3] While the judge did not convict Dreibelbis, these statements were nonetheless sufficient to support probable cause for disorderly conduct. *See, e.g., Commonwealth v. Love*, 896 A.2d 1276, 1279, 1285–86 (Pa. Super. Ct. 2006) (holding

---

[2] The District Court had jurisdiction under 28 U.S.C. §§ 1331, 1343, and 1367. We have jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's grant of summary judgment is plenary. *See Elsmere Park Club, L.P. v. Town of Elsmere*, 542 F.3d 412, 416 (3d Cir. 2008).

[3] As the security guards' statements concerned what occurred before Dreibelbis began recording the incident, the video does not, as Dreibelbis contends, "contradict[] Clark's stated basis for initiating summary criminal proceedings." Dreibelbis Br. 6.

that there was sufficient evidence to support a conviction for disorderly conduct where the defendant "became vocally agitated, angry, loud, and disruptive" at the conclusion of a court hearing, and "plac[ed] his arm across [a deputy sheriff's] chest in an attempt to push him back").

Dreibelbis argues that there must at least be a genuine dispute of material fact as to probable cause because the magisterial district judge ultimately acquitted him. But the standards for conviction and probable cause are not the same, rendering his ultimate acquittal irrelevant. *See Wright v. City of Phila.*, 409 F.3d 595, 602 (3d Cir. 2005) (explaining that "the evidentiary standard for probable cause is significantly lower than the standard which is required for conviction").

Dreibelbis also argues that Clark, while acting as a prosecutor, "elicited and suborned perjurious testimony from" the security guards. Dreibelbis Br. 20. But there is no evidence from which a reasonable jury could find that Clark knew the guards' statements about the behavior of Dreibelbis—specifically, that he had yelled, shouted, and attempted to push past one of the guards—were false.[4]

The District Court also correctly entered summary judgment for Clark on Dreibelbis' claims for abuse of process and First Amendment retaliation. To establish the former, a plaintiff must demonstrate that the defendant used legal process against him "to accomplish a purpose for which it is not designed." *Lerner v. Lerner*, 954 A.2d 1229,

---

[4] Dreibelbis relies on Clark's admission that he believed the testimony of the guards before the magisterial district judge was "emotionally driven." *See, e.g.*, Dreibelbis Br. 20 (quoting J.A. 183). But as Clark explained at his deposition, while he believed Dreibelbis' behavior—specifically the yelling and pushing—colored the guards' perceptions, he did not believe that the guards were lying.

2

1238 (Pa. Super. Ct. 2008) (quoting *Shiner v. Moriarty*, 706 A.2d 1228, 1236 (Pa. Super. Ct. 1998)).  Here there was no evidence from which a reasonable jury could find that Clark, in issuing the citation for disorderly conduct, was motivated by any purpose other than his belief that Dreibelbis was guilty of that offense.

Similarly, a First Amendment retaliation claim requires that a plaintiff have engaged in protected speech, that he have suffered a retaliatory action, and that there be a causal connection between the two.  *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006).  Dreibelbis maintains that Clark retaliated against him for complaining about his treatment by the security guards and for expressing his opinion that he had a right to fly his drone in public airspace.  But we agree with the District Court that there is no evidence from which a reasonable jury could draw that conclusion.  Additionally, when a First Amendment retaliation claim is brought based on a retaliatory prosecution, the plaintiff "must allege and prove lack of probable cause as an element of causation." *Miller v. Mitchell*, 598 F.3d 139, 154–55 (3d Cir. 2010) (citing *Hartman v. Moore*, 547 U.S. 250, 252 (2006)).  Because Clark had probable cause to prosecute Dreibelbis for disorderly conduct, the District Court properly dismissed the retaliation claim.

Hence we affirm the Court's judgment.