627 A.2d 1219

**Paul J. McARDLE, Appellant,**

**v.**

**Michael TRONETTI, Regional Health Services, Inc., and Steven Reilly.**

Superior Court of Pennsylvania.

Argued Feb. 11, 1993.

Filed July 14, 1993.

608

Paul J. McArdle, Pittsburgh, in pro. per.

Francis J. Klemensic, Erie, for appellee Tronetti.

Mark E. Mioduszewski, Erie, for appellee Reilly.

Before KELLY, JOHNSON and HESTER, JJ.

HESTER, Judge.

Paul J. McArdle appeals from the order entered in the Court of Common Pleas of Erie County on July 30, 1992, which sustained certain preliminary objections in the nature of a demurrer, dismissed his complaint, and directed him to pay $250 in counsel fees. For the reasons set forth below, we reverse that order and remand the matter for further proceedings.

The procedural history of this case may be summarized as follows. On April 28, 1992, appellant instituted this action by filing a complaint, which requested an award of both compensatory and punitive damages. The complaint asserted claims for professional malpractice, gross negligence, civil conspiracy, vicarious liability, and malicious use of process. In addition, it indicated that Michael Tronetti, a psychiatrist employed by Regional Health Services, conducted a court-ordered evaluation of appellant's mental capacity after appellant was sentenced in connection with a disorderly conduct conviction. The complaint also indicated that Dr. Tronetti erroneously diagnosed appellant as a paranoid schizophrenic, incorrectly prescribed psychotropic medication to treat appellant's condition, and improperly threatened to obtain a court order permitting the forcible injection of that medication when appellant refused to take it voluntarily. Furthermore, the complaint indicated that Steven Reilly, a prison social worker, filed a petition seeking appellant's involuntary commitment and that this petition contained several false allegations. Finally, the complaint indicated that both Dr. Tronetti and Mr. Reilly committed perjury at a hearing conducted in connection with the latter's petition and that the hearing led to appel-

lant's placement in Warren State Hospital, where another patient subsequently attacked him.

On May 19, 1992, following the effectuation of service, Mr. Reilly filed preliminary objections containing a motion to strike and various demurrers. In support of the demurrers, he set forth a number of claims. With respect to two of those claims, which related to res judicata and collateral estoppel, Mr. Reilly alleged that appellant unsuccessfully had attempted to obtain relief in a federal court for causes of action arising out of the same factual transaction and that disposition of that case both barred the maintenance of appellant's suit and estopped him from litigating issues impacting upon the question of liability. In an attempt to buttress these allegations, Mr. Reilly appended to his preliminary objections a copy of the complaint from the federal action. That complaint, which requested awards of both compensatory and punitive damages, asserted federal claims for the intentional deprivation of constitutional rights by governmental officials and pendent state claims for professional malpractice, conspiracy, malicious use of process, and "tortious conduct per se." Mr. Reilly also attached a copy of a district court opinion indicating that the court, while declining to exercise jurisdiction over the various pendent matters, relied upon principles of immunity to dismiss the federal claims for failure to state a cause of action. Furthermore, he appended a copy of a unanimous panel decision by the United States Court of Appeals for the Third Circuit, which affirmed the district court's disposition.

On May 20, 1992, Dr. Tronetti and Regional Health Services also filed preliminary objections, which included, *inter alia,* demurrers premised upon res judicata and collateral estoppel. Appellant subsequently responded to appellees' preliminary objections by indicating that there had been no prior adjudication of his claims. However, on July 30, 1992, the trial court concluded that appellant's claims were barred by application of both res judicata and collateral estoppel. *See* Trial court opinion at 4. Accordingly, it entered the contested order granting appellees' preliminary objections, dismissing the

complaint, and directing appellant to pay $250 in counsel fees. This timely appeal followed.

Appellant questions the propriety of the trial court's disposition of appellees' preliminary objections. Our standard for reviewing this claim is well-established.

It is axiomatic in the law of pleading that preliminary objections in the nature of a demurrer admit as true all well and clearly pleaded material, factual averments and all inferences fairly deducible therefrom. *Yania v. Bigan*, 397 Pa. 316, 155 A.2d 343 (1959); *Byers v. Ward*, 368 Pa. 416, 84 A.2d 307 (1951). Conclusions of law and unjustified inferences are not admitted by the pleading. *Lerman v. Rudolf*, 413 Pa. 555, 198 A.2d 532 (1964). Starting from this point of reference the complaint must be examined to determine whether it sets forth a cause of action which, if proved, would entitle the party to the relief sought. If such is the case, the demurrer may not be sustained. On the other hand, where the complaint fails to set forth a cause of action, a preliminary objection in the nature of a demurrer is properly sustained.

*Greenspan v. United Services Automobile Assn.*, 324 Pa.Super. 315, 318, 471 A.2d 856, 857–58 (1984), quoting *Rose v. Wissinger*, 294 Pa.Super. 265, 439 A.2d 1193 (1982). In the present case, the trial court premised its decision upon the determination that res judicata and collateral estoppel barred appellant's causes of action.

We first consider res judicata. Pursuant to the doctrine of res judicata, a final judgment on the merits by a court of competent jurisdiction will bar any future suit between the parties or their privies in connection with the same cause of action. *Mintz v. Carlton House Partners, Ltd.*, 407 Pa.Super. 464, 595 A.2d 1240 (1991). The purposes behind the doctrine, which bars the relitigation of issues that either were raised or could have been raised in the prior proceeding, *Dyer v. Travelers*, 392 Pa.Super. 202, 572 A.2d 762 (1990), is to conserve limited judicial resources, establish certainty and respect for court judgments, and protect the party relying upon the judgment from vexatious litigation. *See Mintz v.*

*Carlton House Partners, Ltd., supra.* In keeping with these purposes, the doctrine must be liberally construed and applied without technical restriction. *Id.* Furthermore, we note that its application requires the concurrence of four conditions between the present and prior actions: 1) identity of issues; 2) identity of causes of action; 3) identity of parties or their privies; and 4) identity of the quality or capacity of the parties suing or being sued. *Id.*

In the present case, there is no question that the disposition of the federal claims by the district court, a court of competent jurisdiction, constituted a final judgment on the merits. Accordingly, we must determine whether this judgment may be applied to bar appellant's action, which involves several state claims premised upon the same set of operative facts. Even if we assumed that the two actions raised identical issues and satisfied criteria regarding the identities of both the parties and their capacities, this assumption would not end our analysis since it includes no discussion of the identity between the various causes of action.

As to the identity of cause[s] of action, rather than resting upon the specific legal theory invoked, *res judicata* generally is thought to turn on the essential similarity of the underlying events giving rise to the various legal claims. Whatever the conceptual difficulties inherent in the definition of a "cause of action" often the presence of a single cause of action is clear. *Davis v. United States Steel Supply*, 688 F.2d 166 (1982), *cert. denied*, 460 U.S. 1014, 103 S.Ct. 1256, 75 L.Ed.2d 484 (applying Pennsylvania law). The *Davis* court recognized that in determining whether a single cause of action is present one may consider the identity of the acts complained of, the demand for recovery, the identity of witnesses, documents, and facts alleged. A lack of identity of these facets would, of course, support the conclusion that there is no identity of cause of action. *In re Jones & Laughlin Steel Corp.*, 328 Pa.Super. 442, 450–51, 477 A.2d 527, 531 (1984) (emphasis in original).

█ In the present case, our examination of the two complaints reveals that the claims set forth therein arose out of

same set of factual circumstances. In addition, it establishes that appellant demanded both compensatory and punitive relief in connection with each set of claims. However, despite these similarities, we find that the two sets of claims lack the identity necessary to support the application of res judicata.

The federal claims asserted by appellant challenged the intentional deprivation of his constitutional rights by Dr. Tronetti and Mr. Reilly while they were working on behalf of Erie County. Consequently, those claims were supported by allegations that Dr. Tronetti and Mr. Reilly engaged in improper conduct and that this conduct amounted to an intentional deprivation of appellant's constitutional rights. By contrast, the claims dismissed by the trial court, which merely challenged the tortious nature of appellees' conduct, contained no allegations regarding the deprivation of constitutional rights. Instead, they were supported by, among other things, allegations that Dr. Tronetti and Mr. Reilly engaged in conspiratorial activity designed to harm appellant and committed improper conduct either willfully or with gross negligence and recklessness. These differences in factual allegations, along with the disparity in proof that they render necessary, clearly demonstrate the distinct nature of the two sets of claims. Thus, in light of our determination regarding a lack of identity of causes of action, we conclude that the trial court erroneously utilized res judicata to bar appellant's claims.

We note that our ultimate conclusion regarding the applicability of res judicata is consistent with the position espoused in the *Restatement (Second) of Judgments* § 25, Comment e. In part, that comment provides:

A given claim may find support in theories or grounds arising from both state and federal law. When the plaintiff brings an action on the claim in a court, either state or federal, in which there is no jurisdictional obstacle to his advancing both theories or grounds, but he presents only one of them, and judgment is entered with respect to it, he may not maintain a second action in which he tenders the other theory or ground. If, however, the court in the first action would clearly not have had jurisdiction to entertain

the omitted theory or ground (or, having jurisdiction, would clearly have declined to exercise it as a matter of discretion), then a second action in a competent court presenting the omitted theory or ground should not be held precluded.

*Restatement (Second) of Judgments* § 25, Comment e. Although the comment specifically refers to theories not raised in an initial action, we fail to discern any logical difference between that factual scenario and a situation where the theory of relief actually is raised and the court, despite possessing jurisdiction, declines to exercise it as a matter of discretion. Keeping these principles in mind, we turn to the situation presently before us.

In the federal action, appellant raised pendent state claims regarding conspiracy, professional malpractice, malicious use of process, and "tortious conduct per se." However, the district court declined to exercise its discretion and consider them. Thus, pursuant to the *Restatement*, the court's disposition of the federal claims should not affect appellant's ability to present claims in common pleas court regarding conspiracy, professional malpractice, gross negligence, and malicious use of process.

We now consider matters relating to the doctrine of collateral estoppel.

Collateral estoppel seeks to preclude a litigant from raising an issue which has previously been determined and applies if (1) the issue decided in the prior case is identical to the one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding; and (5) the determination in the prior proceeding was essential to judgment.

*Melat v. Melat,* 411 Pa.Super. 647, 653–54, 602 A.2d 380, 384 (1992).

■ In the present case, appellant asserted a number of state claims against appellees in connection with their allegedly tortious conduct. Appellant's claims encompassed Dr. Tronetti's diagnosis of him as a paranoid schizophrenic. They also related to an alleged conspiracy between the doctor and Mr. Reilly to harm appellant and involved assertions that the two men perjured themselves at the involuntary commitment proceedings. In addition, one of the claims indicated that Mr. Reilly committed the tort of malicious use of process by filing a false commitment petition. Finally, we note that another claim sought relief against Regional Health Services for vicarious liability.

In the prior federal case, which related to Dr. Tronetti and Mr. Reilly, appellant utilized the same set of operative facts to raise federal claims for the deprivation of his constitutional rights. While our examination of the appellate court opinion disposing of that case reveals that the court of appeals determined that the doctor and Mr. Reilly possessed absolute immunity for claims relating to the diagnosis, testimony, and conspiracy and that appellant failed to plead sufficient facts to demonstrate the malicious use of process in violation of his constitutional rights, these determinations resolved issues limited to federal law. Since appellant's present claims, while premised upon the same set of factual transactions, raise issues involving only state law, it is clear that they are distinct from those asserted in the federal action. Accordingly, we find that the determinations of the court of appeals can have no impact upon them and conclude that the trial court improperly applied collateral estoppel to bar appellant's claims for relief.

Having determined that the trial court improperly applied both res judicata and collateral estoppel to bar appellant's claims for relief, it is clear that the trial court erroneously sustained appellees' preliminary objections on these bases. Consequently, we turn to the propriety of the court's award of attorney fees. Pursuant to 42 Pa.C.S. § 2503, a trial court may award attorney fees to any party as a sanction against another party's dilatory, obdurate or vexatious conduct. Al-

though the record contains no discussion of the matter, the court unquestionably believed that appellant's conduct in filing a complaint which raised claims barred by both res judicata and collateral estoppel was vexatious. However, since we previously have determined that neither doctrine prevents the litigation of the matters raised in the complaint, the court's award of attorney fees may not stand.

Order reversed and case remanded for further proceedings. Jurisdiction relinquished.