NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2388
_____

JOSEPH RUSSO,
                                        Appellant

v.

THE CITY OF PHILADELPHIA;
PAMELA PRYOR DEMBE, Honorable, President Judge of the Board of Judges;
AMY L. KURLAND, The Office of Inspector General


_____


On Appeal from the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-11-cv-00293)
District Judge:  Honorable Joel H. Slomsky
_____

Submitted Under Third Circuit LAR 34.1(a)
January 23, 2012
_____

Before:  AMBRO, CHAGARES and HARDIMAN, Circuit Judges

(Opinion filed: January 30, 2012)
_____

OPINION
_____


AMBRO, Circuit Judge

        Plaintiff Joseph Russo appeals from the District Court's order dismissing his

complaint with prejudice.  We will affirm that order.

I.

Because we write solely for the parties, we recite only those facts necessary for our decision. In 2004, Russo was appointed by the Board of Judges of Philadelphia County to serve a six-year term on the Board of Revision of Taxes (the "BRT"), a Department of Defendant City of Philadelphia (the "City"). Under Pennsylvania law, appointments to the BRT are "subject to the power of the court of common pleas ***to remove members of the board without cause***." 42 Pa. Cons. Stat. § 2142(b) (emphasis added); *see* Supp. App. 31-32.

In 2008, the City's Office of Inspector General (the "OIG"), where Defendant Amy. L. Kurland is employed as Inspector General, began investigating Russo and his relationship with former state Senator Vincent Fumo, who had been charged with and convicted of public corruption. Specifically, the OIG investigated Russo for failing to disclose his involvement in Fumo's political campaigns and for receiving significant remuneration for work he performed on those campaigns. The OIG recommended that Russo be terminated.

On May 22, 2009, Defendant Pamela Pryor Dembe, President Judge of the Court of Common Pleas of Philadelphia County, issued an order removing Russo from his appointed position on the BRT. No hearing was held prior to Russo's termination.

On June 25, 2009, Russo filed an emergency petition for a special injunction in the Commonwealth Court of Pennsylvania seeking reinstatement. In the petition, Russo asserted that Defendants acted under color of state law and deprived him of his

2

Fourteenth Amendment right to due process by removing him from his position. The Commonwealth Court denied the petition.

On July 23, 2009, Russo filed another action in the Commonwealth Court, again asserting that Defendants violated his Fourteenth Amendment rights by removing him from his position with the BRT without due process. On August 25, 2009, the Commonwealth Court dismissed the case, finding that Russo did not have a property interest in his position on the BRT and therefore was not entitled to the due process protections he sought prior to his termination. The Supreme Court of Pennsylvania affirmed the dismissal on November 17, 2010.

On January 31, 2011, Russo filed a complaint in federal court pursuant to 42 U.S.C. § 1983 against Defendants the City, Dembe and Kurland. Russo once again asserted that his removal violated his Fourteenth Amendment right to procedural due process. All Defendants moved to dismiss the complaint, and these motions were granted by the District Court on May 11, 2011. It dismissed Russo's complaint with prejudice, reasoning that his claims were barred by the doctrine of *res judicata* because these same claims were asserted and rejected in the state court proceedings. Russo now appeals.

II.

Russo devotes a mere half-page of his brief to challenging the District Court's conclusion that his federal claims are barred by the doctrine of *res judicata*. *See* Russo Br. at 13. He argues that the doctrine does not apply because the procedural due process claim raised in and decided by the Commonwealth Court is different from the procedural due process claim in this case because the claim here is brought pursuant to 42 U.S.C.

3

§ 1983.  *See id.*  Along that same line, Russo contends that, because his procedural due process claim here is different from the claim he brought in state court, he did not have a full and fair opportunity to litigate the claim in the prior state court proceedings.  *See id.*

### III.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331.  We have appellate jurisdiction under 28 U.S.C. § 1291.  We conduct *de novo* review of an order granting a motion to dismiss.  *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008).  Likewise, we exercise plenary review over a decision to apply the doctrine of *res judicata*.  *See Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 248 (3d Cir. 2006); *Rider v. Pennsylvania*, 850 F.2d 982, 988-95 (3d Cir. 1988).

### IV.

A. <u>*Res Judicata*</u>

*Res judicata* requires that federal courts give state court judgments the same preclusive effect that the issuing state courts would give them.  *See Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 887 (3d Cir. 1997).  While this doctrine sometimes is used narrowly to refer to claim preclusion, whereas collateral estoppel customarily refers to issue preclusion, we have previously noted that "the preferred usage" of the term *res judicata* "encompasses both claim and issue preclusion."  *Venuto v. Witco Corp.*, 117 F.3d 754, 758 n.5 (3d Cir. 1997).  *See United States v. 5 Unlabeled Boxes*, 572 F.3d 169, 174 (3d Cir. 2009) (citing *Venuto*, 117 F.3d at 758 n.5).

When deciding the preclusive effect of a state court judgment, we apply the rendering state's law on preclusion.  *See Marrese v. Am. Acad. of Orthopaedic Surgeons*,

4

470 U.S. 373, 380-81 (1985). Thus, whether Russo's federal suit is precluded turns on the law of Pennsylvania.

1. Issue Preclusion

Pennsylvania law provides that the following four conditions must be satisfied in order for issue preclusion to be invoked:

> (1) the issue decided in the prior adjudication was identical with the one presented in the later action;
>
> (2) there was a final judgment on the merits;
>
> (3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication; and
>
> (4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in a prior action.

*Shuder v. McDonald's Corp.*, 859 F.2d 266, 273 (3d Cir. 1988). "The party seeking to effect[ ] an estoppel has the burden of demonstrating the propriety of its application." *Suppan v. Dadonna*, 203 F.3d 228, 233 (3d Cir. 2000).

It is undisputed that the state court proceeding resulted in a final judgment on the merits and that the parties to the current litigation are identical to the parties in the state court proceeding. *See* Russo Br. at 13. Therefore, the second and third prongs of the above test have been established.

Turning to the first prong, an identity of issues will be found when "the same general legal rules govern both cases and the facts of both cases are indistinguishable as measured by those rules." *Suppan*, 203 F.3d at 233. Here, the success of Russo's § 1983 claim necessarily depends on whether he had a protected property interest in his position

5

on the BRT. Without a protected property interest, no recovery under § 1983 can be had. *See Biliski v. Red Clay Consol. Sch. Dist. Bd. of Educ.*, 574 F.3d 214, 219 (3d Cir. 2009). This issue has already been litigated in Commonwealth Court, and it was resolved in favor of Defendants and against Russo. *See* Supp. App. 32 ("Because Russo did not have a continued right to employment, he had no property interest and could be removed as a Board member by the Board of Judges without any hearing whatsoever."). Because the issue decided in state court is identical to the one presented here, the first prong of the issue preclusion test is satisfied.

The fourth prong also is satisfied here. Russo had a full and fair opportunity to litigate the issue in the prior state court proceedings. He asserted his state court claims in pleadings and briefs filed with the Commonwealth Court, and at oral argument before that Court. It resolved the issue against him and in favor of Defendants. Russo even appealed the matter to the Supreme Court of Pennsylvania, which affirmed the dismissal of his case.

Accordingly, all four prongs are satisfied and Russo's federal court claims are barred by issue preclusion. The mere fact that Russo did not assert a § 1983 claim in the state court proceedings is irrelevant because the underlying threshold issue whether he had a property interest in his BRT position—which was resolved in favor of Defendants and against Russo—is a necessary element to the procedural due process claims advanced in both the state and federal litigation. Issue preclusion thus applies here.

6

## 2. Claim Preclusion

Claim preclusion turns on whether the underlying events giving rise to the legal claims asserted are essentially similar. *See Turner v. Crawford Square Apts. III, L.P.*, 449 F.3d 542, 549 (3d Cir. 2006). For the doctrine to be applied, Pennsylvania courts require that the two actions share the following four conditions: "(1) the thing sued upon or for; (2) the cause of action; (3) the persons and parties to the action; and (4) the capacity of the parties to sue or be sued." *Id.* (citing *Bearoff v. Bearoff Bros., Inc.*, 327 A.2d 72, 74 (Pa. 1974)). All four conditions are met.

The first, third, and fourth conditions are not in dispute and are all satisfied here. *See* Russo Br. at 13. The thing sued upon is the same—the termination of Russo's employment. The persons and parties to the actions are identical, and their capacities to sue or be sued are all the same as well.

Russo argues, however, that the cause of action in this case is different from the cause of action asserted in the state court action because he did not base his state court claim on § 1983. But the § 1983 nature of Russo's federal claims does not distinguish this case from his state court action because § 1983 does not create a substantive right and it is not the substantive claim being asserted here. *Gruenke v. Seip*, 225 F.3d 290, 298 (3d Cir. 2000). Rather, like the state court action, the claim here is a procedural due process claim. Thus, the claims here are identical to the state court claims. Further, the underlying events giving rise to the state court and federal court claims are identical. *See McArdle v. Tronetti*, 627 A.2d 1219, 1222 (Pa. Super. Ct. 1993) ("As to the identity of cause[s] of action, rather than resting upon the specific legal theory invoked, *res judicata*

generally is thought to turn on the essential similarity of the underlying events giving rise to the various legal claims."). As such, there is an identity of the causes of action here.

Accordingly, all four conditions for claim preclusion are satisfied. Claim preclusion therefore bars Russo's claims.

B.     Russo's Claims Fail On The Merits

Even if we were to consider the merits of his claims, Russo has failed to state a claim for a violation of procedural due process under § 1983. For such a claim, a plaintiff must allege that "(1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty, or property, and (2) the procedures available to him did not provide due process of law." *Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d Cir. 2006) (citation and internal quotation marks omitted). "The question of whether an employee has a property right in continued employment is a question of state law." *McDaniels v. Flick*, 59 F.3d 446, 458 (3d Cir. 1995). As the Commonwealth Court held, Pennsylvania statutory law provides that a member of the BRT is subject to removal "without cause." *See* Supp. App. 31-32 (analyzing 42 Pa. Cons. Stat. § 2142(b)). Because he could be so removed, Russo did not have a right to continued employment, and, therefore, he had no property interest in his position with the BRT. *See id* at 31-32. Without a property interest in his position with the BRT, Russo cannot, as a matter of law, state a claim for a procedural due process violation under § 1983.

Accordingly, even if we were to consider their merits, Russo's claims fail.

8

\* \* \* \* \*

For these reasons, we affirm the District Court's dismissal of Russo's complaint with prejudice.