# Housing Authority of Lawrence County v. Hooks

*Louis M. Perrotta,* for plaintiff.
*Mark A. Krochka,* for defendant.

COX, *J.,* April 22, 2014—Before the court for disposition are the preliminary objections to defendant's New Matter and Counterclaim filed on behalf of the plaintiff Housing Authority of the County of Lawrence, which argue that Nathaniel McKnight lacks standing to assert his interests in this litigation as he is not a proper party. The plaintiff also contends that the defendant is not permitted to assert Mr. McKnight's rights on his behalf.

According to the plaintiff's complaint, the plaintiff and the defendant entered into a residential lease agreement (hereinafter "Lease Agreement") for a dwelling located at 715 Altman Road, New Castle, Lawrence County,

Pennsylvania. The terms and conditions of the lease agreement-paragraph 6(f) states, "No person on the [Housing Authority of the County of Lawrence] Defiant Trespass list shall be permitted in the rental unit or on [Housing Authority of the County of Lawrence] property at any time." On April 27, 2013, Patrolman James Hoyland of the New Castle Police Department was patrolling Altman Road when he observed Nathaniel McKnight, who is on the plaintiff's Defiant Trespass list, exiting the defendant's residence. It must be noted that Mr. McKnight is not a household member of the dwelling leased by the defendant nor was he listed on the lease[1]. He was subsequently charged with criminal trespass. Again, on May 12, 2013, Patrolman Ronald Piche of the New Castle Police Department was traveling on Altman Road when he observed Mr. McKnight standing on the defendant's porch. Officer Piche was aware that Mr. McKnight was on the Defiant Trespass list, and he charged Mr. McKnight with Defiant Trespass. As a result, the plaintiff posted a Notice To Quit on the defendant's door on May 20, 2013, which stated that her lease was being terminated due to providing accommodations to guests for more than 14 calendar days in a twelve month period, engaging in activities that threatened the health, safety or right to peaceful enjoyment of other tenants, engaging in drug-related activity on the premises and allowing an individual to reside in the dwelling who does not satisfy the appropriate screening requirements. Also on July 5, 2013, Patrolman Fred Buswell of the New Castle

---

1. The lease agreement states that the defendant and her daughter Jayden K. McKnight were the household members for the residence in question.

Police Department attempted to orchestrate a controlled purchase of drugs, in which a confidential informant was utilized in an effort to purchase drugs from Mr. McKnight. Police officers concealed themselves within view of a van containing the confidential informant to observe any possible drug related activity. Mr. McKnight approached the van and attempted to complete the drug transaction, but he became wary of the situation and fled from the area. He was pursued and arrested by undercover police officers, who searched Mr. McKnight and discovered a bag of suspected cocaine. The confidential informant instructed Officer Buswell that Mr. McKnight exited the defendant's residence before approaching the van. That statement was corroborated by the plaintiff's video surveillance system. A search warrant was executed for the defendant's residence, during which police officers seized $1,200.00 in cash, two suspected Xanax tablets, two baggie corners containing suspected cocaine and an empty box for a digital pocket scale. On July 8, 2013, the plaintiff posted another Notice To Quit on the defendant's door, which explained that her lease was being terminated because she provided accommodations to a boarder or lodger, provided accommodations to guests for more than 14 calendar days in a twelve month period, allowed a person to reside there who is on the Defiant Trespass List, disturbed the quiet enjoyment of the other tenants and engaged in drug related activities.

The plaintiff then filed a landlord and tenant complaint with Magisterial District Judge Jennifer L. Nicholson. The plaintiff was awarded possession of the defendant's residence and monetary damages in the amount of $252.00.

On August 22, 2013, the defendant filed an appeal of the District Judge's judgment. In response, the plaintiff filed its Complaint on September 30, 2013, containing three claims for eviction and one claim for ejectment. It must be noted that the defendant filed Tenant's Supersedeas Affidavit on August 22, 2013. The supersedeas was terminated upon the plaintiff filing a Praecipe to Terminate Supersedeas Pursuant to Pa.R.M.D.J. No. 1008 on December 13, 2013. The defendant attempted to have the supersedeas reinstated, but that was denied by the Honorable Thomas M. Piccione on March 31, 2014. The plaintiff filed an answer, new matter and counterclaim in response to the plaintiff's complaint on October 24, 2013. In that pleading, the defendant averred that she did not receive notice that Mr. McKnight was on the Defiant Trespass List and the plaintiff violated the implied covenant of quiet enjoyment by prohibiting her from inviting social guests to her apartment.

The plaintiff filed preliminary objections to defendant's new matter and counterclaim, arguing that the defendant improperly attempts to assert the rights of Mr. McKnight in Paragraphs 71 and 75 of her new matter and Paragraph 85 of the Second Affirmative Defense, even though he is not an interested party in this litigation. The defendant responded by claiming that she is asserting her right to have social guests visit her apartment. Moreover, the defendant and Mr. McKnight have a daughter, who also resides at the defendant's apartment and Mr. McKnight is frequently there to visit her.

"A preliminary objection in the nature of a demurrer is properly granted where the contested pleading is legally

insufficient." *Cooper v. Frankford Health Care System, Inc.*, 960 A.2d 134, 143 (Pa. Super. 2008) (citing *Cardenas v. Schober*, 783 A.2d 317, 321 (Pa. Super. 2001)). A demurrer must be resolved based solely on the pleadings, no testimony or evidence outside of the complaint may be considered to dispose of the legal issue presented. *Id.* "All material facts set forth in the pleading and all inferences reasonably deducible therefrom must be admitted as true." *Hess v. Fox Rothschild, LLP*, 925 A.2d 798, 805 (Pa. Super. 2007) (citing *Cardenas*, supra.). A demurrer will only be sustained in cases where the complaint fails to set forth a valid cause of action. *Lerner v. Lerner,* 954 A.2d 1229, 1235 (Pa. Super. 2008) (citing *McArdle v. Tronetti*, 426 Pa. Super. 607, 627 A.2d 1219, 1221 (1993)). If a doubt exists regarding whether a demurrer should be sustained, the doubt must be resolved in favor of overruling the demurrer. *R.W. v. Manzek*, 585 Pa. 335, 351,888 A.2d 740, 749 (2005) (citations omitted). Fact-based defenses are irrelevant when ruling on a preliminary objection in the nature of a demurrer. *Werner v. Plater-Zyberk*, 799 A.2d 776, 783 (Pa. Super. 2002) (citing *Orner v. Mallick*, 515 Pa. 132, 135, 527 A.2d 521, 523 (1987)). "A 'speaking demurrer' is defined as 'one which, in order to sustain itself, requires the aid of a fact not appearing on the face of the pleading objected, or in other words, which alleges or assumes the existence of a fact not already pleaded, and which constitutes the ground of objection and is condemned both by the common law and the code system of the pleading.'" *Regal Indus. Corp. v. Crum and Forster, Inc.,* 890 A.2d 395, 398 (Pa. Super. 2005) (quoting black's law dictionary 299 (6th ed. 1991)). The court is not permitted to consider a speaking demurrer in

rendering its decision on preliminary objections. *Id.*

A party must have sufficient interests in a matter in order to ensure that there is a legitimate controversy before that party has standing. *In re T.J.*, 559 Pa. 118, 124, 739 A.2d 478, 481 (1999). "In determining whether a party has standing, a court is concerned only with the question of who is entitled to make a legal challenge and not the merits of that challenge." *Id.*, (citing *Sprague v. Casey*, 520 Pa. 38, 550 A.2d 184 (1988)). The central principle for the doctrine of standing is a person who fails to establish that he or she is adversely affected by the matter he or she is seeking to challenge is not aggrieved and lacks standing. *Id.*, 559 Pa. at 125, 739 A.2d at 481 (citing *Independent State Store Union v. Pennsylvania Liquor Control Board*, 495 Pa.145, 432 A.2d 1375 (1981)). An individual can demonstrate that he or she is aggrieved if he or she can establish that he or she has a substantial, direct and immediate interest in the outcome of the litigation. *Pittsburgh Palisades Park, LLC v. Commonwealth*, 585 Pa. 196,204,888 A.2d 655, 660 (2005) (citing *In re Hickson*, 573 Pa. 127,821 A.2d 1238, 1243 (2003).

> An interest is 'substantial' if it is an interest in the resolution of the challenge which 'surpasses the common interest of all citizens in procuring obedience to the law.' *In re Hickson*, 821 A.2d at 1243. Likewise, a 'direct interest mandates a showing that the matter complained of 'caused harm to the party's interest,' *id.*, i.e., a causal connection between the harm and the violation of law. *City of Philadelphia*, 838 A.2d at 577. Finally, an interest is 'immediate' if the causal connection is not remote or speculative. *Id.*" (citing

*City of Philadelphia,* 838 A.2d at 577; *Kuropatwa v. State Farm Ins. Co.*, 554 Pa. 456, 721 A.2d 1067, 1069 (1998)).

"The traditional concept of standing focuses on the idea that a person who is not adversely impacted by the matter he seeks to challenge does not have standing to proceed with the court system's dispute resolution process." *Stilp v. Commonwealth,* 927 A.2d 707, 710 (Pa. Cmwlth. 2007) (citing *Pittsburgh Palisades Park, LLC*, 585 Pa. 196, 888 A.2d 655 (2005)). "Pennsylvania courts do not render decisions in the abstract or offer purely advisory opinions; consistent therewith, the requirement of standing arises from the principle that judicial intervention is appropriate only when the underlying controversy is real and concrete." *Id.*

It is apparent that Mr. McKnight does not have standing in the current matter as he does not reside at the defendant's residence and he is not the party that the plaintiff is seeking to remove from the dwelling. In her answer, new matter and counterclaim, the defendant averred that Mr. McKnight does not reside with her at 715 Altman Road as his address is 113 Friendship Street, New Castle, Lawrence County, Pennsylvania. Moreover, Mr. McKnight was not a party to the lease agreement and has no interest in the termination of the defendant's lease except for any possible housing issues for his daughter. There is no indication that Mr. McKnight attempted to assert any interest he may have in the outcome in the litigation nor did he attempt to join the current case. Therefore, the plaintiff has accurately stated that Mr. McKnight does not have standing in the current case.

However, the defendant stated, in response to the plaintiff's preliminary objections, that she is not attempting to assert Mr. McKnight's rights, but argues that the plaintiff violated the implied covenant of quiet enjoyment by infringing on her freedom of association. The defendant argued that the Defiant Trespass List violates her freedom to have social guests at her residence. The court agrees with the defendant in part as she is not attempting to assert the rights of Mr. McKnight and the plaintiff's preliminary objections should be overruled. The court is ruling on the limited issue concerning whether the defendant was asserting Mr. McKnight's rights. It must be noted that the court is not addressing at this time the issue as to whether the Defiant Trespass List violates the defendant's freedom of association as it is not properly before the court as the issues raised in the plaintiff's preliminary objections are whether Mr. McKnight has standing or whether the defendant can assert Mr. McKnight's rights on his behalf in the current case. The defendant is not precluded from arguing that the plaintiff violated the implied covenant of quiet enjoyment by infringing on her freedom of association at the proper time and in the appropriate manner. The court is not ruling on the merits of the defendant's argument relating to her freedom of association, but merely stating that she may assert that issue at another time.

For the reasons set forth in this opinion, the plaintiff's preliminary objections to defendant's new matter and counterclaim are overruled.

## ORDER OF COURT

Now, this 22nd day of April, 2014, this case being

before the court on March 31, 2014, for oral argument on the preliminary objections to defendant's new matter and counterclaim filed by the plaintiff, with both parties appearing through counsel, the plaintiff housing authority of the County of Lawrence, represented through counsel, Louis M. Perrotta, Esquire, and the defendant Amanda Hooks represented through counsel, Mark A. Krochka, Esquire and after consideration of the arguments and briefs presented and submitted by counsel and a complete and thorough review of the applicable record, the court enters the following order and it is hereby ordered, adjudged and decreed as follows:

1. In accordance with the attached opinion, the preliminary objections to defendant's new matter and counterclaim filed by the plaintiff are hereby overruled.

2. The plaintiff shall have twenty (20) days after notice of this order of court to file a reply.

3. The prothonotary is directed to serve a copy of this order of court upon counsel of record, Louis M. Perrotta, Esquire, and Mark A. Krochka, Esquire.