J-A31022-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BRIAN DOWLING | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| PENNSYLVANIA PSYCHIATRIC INSTITUTE, MICHAEL J. FELICE, AND WANDA GEESEY | |
| Appellee | No. 473 MDA 2014 |

Appeal from the Order Entered March 4, 2014
In the Court of Common Pleas of Dauphin County
Civil Division at No(s): 2012-CV-10599-CV

BEFORE:  BOWES, J., OTT, J., and STABILE, J.

DISSENTING MEMORANDUM BY OTT, J.:                    **FILED JUNE 08, 2015**

Because I conclude that Dowling failed to plead sufficient facts to support his claims for breach of contract, promissory estoppel and intentional interference with contractual relations, I am compelled to dissent.

With regard to Dowling's breach of contract claim, I agree with the Majority that Dowling has demonstrated, at this preliminary stage in the proceeding, that he had formed an oral contract with PPI, through its agent, Groves, and that the agreement was supported by valid consideration.  ***See*** Majority Memorandum at 8-10.  Nevertheless, I conclude Dowling failed to

present a valid claim for breach of contract, albeit on a different basis than that of the trial court.[1]

It is axiomatic that in order to maintain a breach of contract action, a plaintiff must demonstrate: "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages." *Gorski v. Smith*, 812 A.2d 683, 692 (Pa. Super. 2002), *appeal denied*, 856 A.2d 834 (Pa. 2004). This Court has expressed that "[w]hile not every term of a contract must be stated in complete detail, every element must be **specifically pleaded**." *Pennsy Supply, Inc. v. Am. Ash Recycling Corp. of Pennsylvania*, 895 A.2d 595, 600 (Pa. Super. 2006) (citations omitted and emphasis supplied), *appeal denied*, 907 A.2d 1103 (Pa. 2006). Indeed,

> Pennsylvania is a fact-pleading state; a complaint must not only give the defendant notice of what the plaintiff's claim is and the grounds upon which it rests, but the complaint must also formulate the issues by summarizing those facts essential to support the claim.

*Lerner*, *supra*, 954 A.2d at 1235. Moreover, "[c]larity is particularly important where an oral contract is alleged." *Pennsy Supply Inc.*, *supra*, 895 A.2d at 600.

---

[1] "[W]e are not bound by the rationale of the trial court and may affirm on any basis." *Southwestern Energy Prod. Co. v. Forest Resources, LLC*, 83 A.3d 177, 184-185 (Pa. Super. 2013) (citation omitted), *appeal denied*, 96 A.3d 1029 (Pa. 2014).

Furthermore, when considering whether a trial court properly sustained preliminary objections in the nature of a demurrer, we must bear in mind:

> A *demurrer* is an assertion that a complaint does not set forth a cause of action or a claim on which relief can be granted. **A *demurrer* by a defendant admits all relevant facts sufficiently pleaded in the complaint and all inferences fairly deducible therefrom, but not conclusions of law or unjustified inferences.** In ruling on a *demurrer,* the court may consider only such matters as arise out of the complaint itself; **it cannot supply a fact missing in the complaint.**
>
> *Binswanger v. Levy,* 311 Pa.Super. 41, 457 A.2d 103, 104 (1983) (internal citations omitted). Where the complaint fails to set forth a valid cause of action, a preliminary objection in the nature of a *demurrer* is properly sustained. *McArdle v. Tronetti,* 426 Pa.Super. 607, 627 A.2d 1219, 1221 (1993), *appeal denied,* 537 Pa. 622, 641 A.2d 587 (1994).

*Lerner v. Lerner*, 954 A.2d 1229, 1234-1235 (Pa. Super. 2008) (emphasis supplied and some emphasis omitted).

Dowling averred in his complaint that he entered into an oral contract with Groves, the essential terms of which were Dowling would **submit his resume** for the CFO position and Groves would keep his application **confidential**. *See* First Amended Complaint, 7/11/2013, at ¶¶ 22. With regard to PPI's alleged breach of that agreement, Dowling averred the following facts:

> 22. Groves encouraged Dowling to submit his resume for the position and specifically informed him that his submission would be kept confidential, such that no one at PPI would know that Dowling applied for the job, with the exception of the search committee.

* * *

24. On Friday, July 13, 2012, Dowling spoke with Groves, and **Groves told Dowling that "she would reach out to the search committee regarding his interest in the position."**

25. On Monday, July 16, 2012, Felice, in the presence of Geesey, terminated Dowling, thus precluding Dowling's consideration for the CEO position. Felice undertook this action out of concern for his job security and that of Geesey. **When Dowling inquired as to the reason for his dismissal, however, Felice and Geesey refused to give him a reason.** Instead, both remarked that it "was his last day at PPI and that security was waiting for him." Further, contrary to PPI's customary practice, Felice and Geesey advised Dowling that he would not be able to retrieve any personal items from his office prior to his departure.

26. Thereafter, Dowling spoke to Groves, who was shocked to learn of his dismissal and suggested that he contact a labor attorney about the matter.

27. Dowling then called Daly, **who informed Dowling that it was Felice's decision to fire him**; Daly refused to provide any further information.

*Id.* at ¶¶ 22, 24-27 (emphasis supplied).

Based on these factual averments, I conclude Dowling has not averred sufficient facts to demonstrate PPI breached the confidentiality agreement. Dowling states only that Groves promised she would keep his application confidential from all of PPI's employees, with the exception of the members of the search committee, one of whom, as Dowling was aware, was Geesey. Dowling **does not aver** that Groves told anyone, besides the search committee, about his interest in the position, and, more importantly, he **does not specify when** Groves informed the committee about his application. Although, he states that on Friday, July 13, 2012, Groves told

him "she would reach out to the search committee about his interest in the position[,]"[2] Dowling does not assert whether she did so that day, over the weekend, or at any time before he was fired the following Monday. Moreover, Dowling also does not aver that **Geesey**, a member of the search committee**,** violated the confidentiality agreement he made with Groves. He simply claims that Felice terminated him, in the presence of Geesey, when he returned to work after the weekend. He does not even state that Felice terminated him **because** he had applied for the CEO position. Accordingly, in my opinion, Dowling has failed to plead sufficient facts demonstrating PPI breached the purported oral confidentiality agreement.

The Majority maintains, however, that Dowling is "entitled to all inferences fairly deducible from the alleged facts." Majority Memorandum at 11. To this end, the Majority states:

> The clear inference created by [Dowling's] averments is that Geesey, in breach of the oral confidentiality agreement entered by PPI, immediately informed her friend Felice about Dowling's candidacy for CEO. Due to Felice's and Geesey's personal animosity against Dowling, Felice was fearful for his job and fired Dowling.

*Id.* The Majority then concludes that these facts "are sufficient to support an **inference** that Geesey breached the confidentiality agreement." *Id.* (emphasis supplied).

---

[2] First Amended Complaint, 7/11/2013, at ¶ 24.

I do not agree that PPI's breach of the confidentiality agreement, through the actions of Geesey and Felice, is an inference "fairly deducible" from the pleadings. *Lerner*, *supra*, 952 A.2d at 1235 (citation omitted). Dowling was required to "specifically plead[]" every element in his breach of contract claim. *Pennsy Supply Inc.*, *supra*, 895 A.2d at 600 (citation omitted). While the timing of his termination is suspect, Dowling did **not** aver Groves actually informed the search committee, and particularily Geesey, of his application before he was fired, or that Geesey violated the agreement and shared his candidacy with Felice. The averments in Dowling's complaint simply do not make the requisite connection between a violation of the confidentiality agreement and Dowling's termination. Accordingly, because Dowling failed to aver that PPI breached his oral confidentiality agreement, I maintain that Dowling's first issue fails.

Next, the Majority concludes Dowling also set forth a valid claim for promissory estoppel. However, I find that this claim fails for the same reason as Dowling's breach of contract claim – Dowling failed to plead that the purported "promise" was actually broken. Nowhere in his complaint does Dowling assert that either Groves or Geesey violated the promise of confidentiality.[3] Therefore, I conclude Dowling is entitled to no relief on his second claim as well.

---

[3] Additionally, with regard to his promissory estoppel claim, I note Dowling asserts in his amended complaint that "[i]njustice can be avoided only by
*(Footnote Continued Next Page)*

Lastly, with regard to Dowling's cause of action for intentional interference with contractual relations, the Majority finds Dowling set forth a valid claim that Geesey and Felice, acting based on their "personal *animus* toward Dowling[,]"[4] improperly interfered with his **employment contract** with PPI. Citing ***Yaindl v. Ingersoll-Rand Co. Std. Pump-Aldrich Div.***, 422 A.2d 611, 619 n.6 (Pa. Super. 1980), the Majority maintains that "an action for intentional interference with a contractual relationship is viable even if the contract with which the defendant interfered was terminable at the will of the parties." Majority Memorandum at 13.

However, in subsequent decisions, this Court has rejected the language in ***Yaindl*** as *dicta*, and held that a cause of action for intentional interference with contractual relations does not lie in the context of an at-will employment contract. In ***Hennessy v. Santiago***, 708 A.2d 1269 (Pa. Super. 1998), this Court stated:

> First, the language from the footnote [in ***Yaindl***] quoted above is dicta because it was not essential to the holding of the panel.

*(Footnote Continued)* _____

enforcing this promise, because, but-for this promise, Dowling would still be employed by PPI." First Amended Complaint, 7/11/2013, at ¶ 37. Here, the **promise** was Groves's assurance that Dowling's application would be kept confidential. Such a promise would be impossible to enforce. Further, Dowling does not specify what other damages he seeks. **See** Restatement (Second) of Contracts § 90 (1981) ("Unless there is unjust enrichment of the promisor, damages should not put the promisee in a better position than performance of the promise would have put him.").

[4] Majority Memorandum at 14.

- 7 -

Second, Appellant brings no cases to our attention where this doctrine has been extended to the ambit of at-will employment. Thus, we are constrained to hold that an action for intentional interference with performance of a contract in the employment context **applies only to interference with a prospective employment relationship whether at-will or not, not a presently existing at-will employment relationship**.

*Id.* at 1278-1279 (emphasis supplied). *See also Haun v. Cmty. Health Sys., Inc.*, 14 A.3d 120, 125 (Pa. Super. 2011) (relying on *Hennessy* and rejecting plaintiff's claim for intentional interference with contractual relations in at-will employment context; "our review of the record reflects that [plaintiff] does not allege any interference with a **prospective** employment relationship, nor does he establish that he was **not an at-will employee**.") (emphasis supplied). Accordingly, based on this Court's decisions post-*Yaindl*, I maintain Dowling cannot establish a claim based upon Felice's and Geesey's purported intentional interference with his at-will employment contract.[5]

Furthermore, with respect to Dowling's assertion that Felice and Geesey interfered with the confidentiality agreement he had with Groves and PPI, I find this claim fails for the same reason as the previous two, namely,

_____

[5] Moreover, from my review of Dowling's brief, it appears Dowling has abandoned this claim on appeal. Indeed, in his brief he argues only that "Geesey and Felice acted intentionally to interfere with the **confidentiality agreement** which had been formed between Downing and PPI's agent, Jane Groves." Dowling's Brief at 19 (emphasis supplied). He **does not argue** that Geesey and Felice interfered with his **at-will employment contract**.

Dowling **never pled** facts sufficient to demonstrate there **was** a breach of the confidentiality agreement. In the absence of a claim that Groves informed Geesey of Dowling's candidacy for the position, and that Geesey then told Felice of Dowling's candidacy, breaching the purported confidentiality agreement, Dowling cannot sustain his cause of action, and his third issue, similarly, fails.

Accordingly, because I find Dowling failed to plead sufficient facts to support his claims for breach of contract, promissory estoppel and intentional interference with contractual relations, I would affirm the order of the trial court sustaining the Defendants' preliminary objections and dismissing Dowling's complaint. Therefore, I dissent.