J-S63005-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| JOAN LICHTMAN, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL S. BOMSTEIN, ESQ., | : | |
| | : | |
| Appellee | : | No. 440 EDA 2015 |

Appeal from the Order January 7, 2015,
Court of Common Pleas, Philadelphia County,
Civil Division at No. September Term, 2014 00259

BEFORE:  DONOHUE, MUNDY and MUSMANNO, JJ.

MEMORANDUM BY DONOHUE, J.:              **FILED NOVEMBER 17, 2015**

Appellant, Joan Lichtman ("Lichtman"), appeals pro se from the order entered on January 7, 2015 by the Court of Common Pleas, Philadelphia County, dismissing her complaint with prejudice.  For the reasons set forth herein, we affirm.

A brief summary of the factual and procedural history is as follows. Since 2001, Rittenhouse Plaza, Inc. ("Rittenhouse") and Lichtman have been engaged in various lawsuits regarding Lichtman's nonpayment of rent for her cooperative apartment in Philadelphia.  In 2007, Rittenhouse initiated a civil action to evict Lichtman.  On May 8, 2009, the trial court entered judgment against Lichtman, ordering a monetary award to Rittenhouse as well as the right to gain possession of the apartment.  For several years thereafter,

Lichtman unsuccessfully filed several motions and appeals in an attempt to postpone and set aside the sheriff's sale of the apartment.

On August 31, 2014, Lichtman filed a pro se writ of summons against Appellee Michael Bomstein, Esq. ("Attorney Bomstein") and a motion to proceed in forma pauperis. Lichtman filed a complaint on October 30, 2014, seeking relief in the form of damages from and disbarment and incarceration of Attorney Bomstein. In her complaint, Lichtman alleged that Attorney Bomstein, who assisted or represented Lichtman in some capacity during the eviction proceedings, "undermined judicial machinery and interfered with the administration of justice, while aiding, abetting, and perpetrating the commission of crimes by public officials and private attorneys." Lichtman's Complaint, 10/23/14, at 1. Lichtman alleged that Attorney Bomstein violated the Rules of Professional Conduct by failing to report crimes committed by other attorneys and/or judges during the eviction proceedings. Specifically, Lichtman alleged that the Philadelphia Sheriff illegally seized her home, that Philadelphia judges buried criminal evidence, and that opposing counsel, Jon Sirlin, Esq. ("Attorney Sirlin"), committed perjury and fraud. Lichtman alleged that Attorney Bomstein had knowledge of these crimes and remained silent instead of reporting the crimes to relevant authorities.

On December 2, 2014, Attorney Bomstein filed preliminary objections in the nature of a demurrer averring that Lichtman failed to plead a cognizable cause of action. On January 6, 2015, the trial court entered an

order sustaining Attorney Bomstein's preliminary objections and dismissing the case with prejudice. Pa.R.C.P. 1028(a)(4). Lichtman timely filed a notice of appeal on February 3, 2015, raising the following issues for our review:

> I. Did the trial court abuse [its] discretion and/or make error(s) of law, act in the absence of jurisdiction; act outside the scope of judicial authority; aid, abet, or commit crimes against [Lichtman]; retaliate against [Lichtman]; act with bias, malice, ill-will; violate the *Rules of Professional Conduct* and/or the *Canons of Judicial Conduct*, when a trial judge suddenly injecting himself into a case, in which, Supervising Judge failed to make a pauper petition decision, so as to manipulate judicial machinery in order to protect members of the Pennsylvania Bar, et al., from prosecution, disbarment, and/or incarceration: i.e., by the trial court's blocking service of original process, denying due process, locking an adjudicated pauper-Plaintiff out of the courts, aiding and abetting public servants' commission of crimes, including unlawful seizure and theft of [Lichtman's] home, assets, moneys, and property; and, thereby, interfere in the administration of justice; alter the outcome of a case; and/or endanger the welfare and survival of an innocent, unrepresented, adjudicated pauper, while willfully leaving an innocent, but designated, crime victim, homeless and destitute in Philadelphia streets, literally, to die?
>
> II. Did [Attorney Bomstein] fail/refuse to make mandatory reports, required by the *Rules of Professional Conduct*, and/or aid, abet, and commit crimes, in violation of Philadelphia and Pennsylvania statutes, to protect colleagues, while illegally remaining silent, and thereby, deliberately endangering the welfare and life of an innocent, crime victim?

Lichtman's Brief at 1.

In reviewing this appeal, we are mindful that "[o]ur standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. The appellate court must apply the same standard as the trial court[,]" which this Court has defined as follows:

> Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Estate of Denmark ex rel. Hurst v. Williams*, 117 A.3d 300, 305 (Pa. Super. 2015) (citations omitted).

In her appellate brief, Lichtman combines the discussion of her two claims of error into one argument. Lichtman's Brief at 7. Lichtman devotes several pages of her brief to complaints regarding actions taken by Attorney Sirlin during the prior eviction proceedings, as well as actions taken by opposing counsel in an unrelated lawsuit. *See id*. at 7-11. Lichtman asserts that Attorney Bomstein "knew or should have known" that Attorney Sirlin perjured the eviction complaints that he filed against her and that Attorney

- 4 -

Bomstein aided and abetted Attorney Sirlin's crimes by not reporting it and by assisting in the eviction proceedings. *Id.* at 10-11. In support of her claims below and on appeal, Lichtman contends only that Attorney Bomstein violated the Rules of Professional Conduct by ignoring his obligation to report Attorney Sirlin's crimes. *Id.* at 10-12.

Lichtman's reliance on the Rules of Professional Conduct as the basis for obtaining relief from Attorney Bomstein is unavailing. This Court previously held that a violation of the Rules of Professional Conduct is not an independent basis for civil liability:

> The Pennsylvania Supreme Court adopted the Rules of Professional Conduct and the Rules of Disciplinary Enforcement in order to exercise its exclusive constitutional authority to regulate and supervise the conduct of the attorneys who are its officers. The Supreme Court has held that the Rules of Professional Conduct do not have the effect of substantive law but, instead, are to be employed in disciplinary proceedings. The Preamble to the Rules state that:
>
> > Failure to comply with an obligation or prohibition imposed by a Rule is a basis for invoking the disciplinary process …
> >
> > **Violation of a Rule should not give rise to a cause of action nor should it create any presumption that a legal duty has been breached. The Rules are designed to provide a structure for regulating conduct through disciplinary agencies. They are not designed to be a basis for civil liability.** Furthermore, the purpose of the Rules can be subverted when they are invoked by opposing parties as procedural weapons. The fact that a

> Rule is a just basis for a lawyer's self-assessment, or for sanctioning a lawyer under the administration of a disciplinary authority, it does not imply that an antagonist in a collateral proceeding or transaction has standing to enforce the Rule. Accordingly, **nothing in the Rules should be deemed to augment any substantive legal duty of lawyers** or the extra-disciplinary consequences of violating such a duty.

Pa.P.R.C., Preamble (emphasis added).

*Smith v. Morrison*, 47 A.3d 131, 135 (Pa. Super. 2012) (internal quotation and citation omitted). Given the foregoing, we conclude that Lichtman failed to set forth a cause of action for Attorney Bomstein's failure to report the alleged crimes committed by Attorney Sirlin during the underlying proceedings.

Lichtman also asserts that Attorney Bomstein and the trial court violated sections 9-1603 through 9-1606 of the Philadelphia Code, which prohibit "unlawful self-help eviction actions." Lichtman's Brief at 12-13. The Philadelphia Code defines self-help eviction practices as "actions by a landlord or landlords' agents taken without legal process to dispossess or attempt to dispossess a tenant from a dwelling unit or engaging or threatening to engage in any other conduct which prevents or is intended to prevent a tenant(s) from lawfully occupying their dwelling unit." Philadelphia Code § 9-1602(1)(a). Lichtman's argument fails, however, as she admits, and the record reflects, that her eviction was secured through a

- 6 -

lengthy legal process that included a judgment of possession entered by the Court of Common Pleas.  **See** Philadelphia Code § 9-1603 ("The requisite, legal process for lawful eviction must consist of execution of a judgment of possession entered by a court of competent jurisdiction in accordance with State law.").  Thus, there is no support for her claim that Attorney Bomstein and Judge Bernstein participated in any self-help eviction practices.

We therefore conclude that Lichtman failed to set forth a cause of action against Attorney Bomstein.  "Where the complaint fails to set forth a valid cause of action, a preliminary objection in the nature of a demurrer is properly sustained."  **Lerner v. Lerner**, 954 A.2d 1229, 1235 (Pa. Super. 2008) (citing **McArdle v. Tronetti**, 627 A.2d 1219, 1221 (Pa. Super. 1993), *appeal denied*, 641 A.2d 587 (Pa. 1994)).  Accordingly, we do not discern of any error by the trial court and conclude that the trial court properly dismissed Lichtman's complaint under Rule 1028(a)(4).

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/17/2015

- 7 -