J-S44034-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MEREDITH STEMPEL AND MIKHAIL LEVITIN | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 1503 EDA 2023 |
| DAVE NORTH, CHAIRMAN, PRESIDENT AND CHIEF EXECUTIVE OFFICER IN HIS BUSINESS AND PERSONAL CAPACITIES | : | |

Appeal from the Order Entered May 10, 2023
In the Court of Common Pleas of Monroe County
Civil Division at No(s):  001673-CV-2023

BEFORE:   OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:               **FILED SEPTEMBER 24, 2024**

Meredith Stempel, M.D., and Mikhail Levitin (collectively, "Appellants"),

*pro se*, appeal from the order dismissing their complaint with prejudice after

the filing of preliminary objections. We affirm.

As cogently summarized by the lower court:

> [Appellee, Dave North] is President and Chief Executive Officer of Sedwick Insurance Company ("Sedgwick"). [Appellant] Stempel is a licensed physician who treats patients insured by Sedgwick. [Appellant] Levitin is … Stempel's office manager. [In their complaint, Appellants] are ostensibly claiming damages due to [Appellee's] company's alleged failure to pay them for medical care given to persons Sedgwick insures for purposes of [w]orkers' [c]ompensation benefits. [Appellants] also raise an issue involving

_____

[*] Retired Senior Judge assigned to the Superior Court.

a possible violation of a court order involving the New York Workers' Compensation Board.

Trial Court Opinion, 5/10/23, at 1. Following the complaint's filing, Appellee submitted preliminary objections, which asserted that Appellants: (1) failed to exhaust their statutory remedies; (2) failed to conform their complaint to a rule of court insofar as the complaint, after paragraph six, ceased being written in paragraph form; (3) failed to properly serve Appellee; and (4) failed to specifically plead a cognizable cause of action against Appellee. **See generally** Preliminary Objections, 4/11/23; **see also** Pa.R.Civ.P. 1028(a)(1), (2), (3), and (7). In response, Appellants filed a brief that did "not appear to address the objections raised by [Appellee]." Trial Court Opinion, 5/10/23, at 2. Ultimately, the court found merit to all four of Appellee's contentions and, in sustaining his preliminary objections, dismissed the complaint with prejudice.[1]

Appellants filed a timely appeal to this Court and, after being directed to file a statement of errors complained of on appeal, **see** Pa.R.A.P. 1925(b),

_____

[1] The court additionally noted that, prior to its disposition of Appellee's preliminary objections, Appellants had "previously filed an almost identical complaint against [him]." Trial Court Opinion, 5/10/23, at 2. That complaint "was dismissed by opinion and order on March 6, 2023, roughly a week before this complaint was filed," in part based on the fact that Appellants could not represent their corporate entity *pro se*. **Id**., at 2 & n.2. Although there are minor differences between the prior and current actions—Levitin is identified by a new title, one of the plaintiffs in the prior case is no longer a party, all references to the corporate entity have been removed, and one of the claims contained in the other action has been dropped—the complaints are largely identical. **See id**., at 2.

- 2 -

Appellants filed two statements raising various issues, only some of which were germane to the dismissal of their complaint.

On appeal, Appellants purport to raise seven issues. ***See*** Appellants' Brief, at 23-26. However, several of these claims are unnecessarily inflammatory or wholly unclear, and as such, we cannot materially respond to them in this appeal. ***See, e.g.***, Appellants' Brief, at 24 ("Is [Appellee] entitle [*sic*] to break the law by refusing to resolve the problem and moving this issue to a fraudulent misrepresentation?"), 26 ("Should [Appellee] be allowed not to answer to [c]ounts in the [c]omplaint and intentionally damage [Appellants] and the community where they have been proudly serving with medical services while operating under emergency law declared by the federal and the state government?").

Beyond the phrasing of the questions presented, Appellants' brief is largely unintelligible and features multiple violations of our Rules of Appellate Procedure. ***See, e.g.***, Pa.R.A.P. 2119(a) (requiring "[t]he argument … [to be] divided into as many parts as there are questions to be argued[]"), ***but see*** Appellants' Brief, at 29-38 (notwithstanding their presentation of seven issues, the brief merely contains one omnibus "summary of the argument" section, replete with multiple run-on sentences, without any differentiation between Appellants' claims).

Substantial deviations from our rules governing appellate briefs are sufficient grounds to suppress infirm briefs and quash or dismiss an appeal.

*See Smithson v. Columbia Gas of PA/NiSource*, 264 A.3d 755, 760-61 (Pa. Super. 2021) (citing Pa.R.A.P. 2101); *Wilkins v. Marsico*, 903 A.2d 1281, 1285 (Pa. Super. 2006) (same); *see also* Pa.R.A.P. 2111–2119 (detailing the required content of appellate briefs). Additionally, we have emphasized that it is an appellant's obligation to present arguments that are sufficiently developed for our review. *See In re R.D.*, 44 A.3d 657, 674 (Pa. Super. 2012). Accordingly, "[w]e will not act as counsel and will not develop arguments on behalf of an appellant." *Id*.

As to their self-representation, "[a]lthough this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." *In re Ullman*, 995 A.2d 1207, 1211–1212 (Pa. Super. 2010). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." *Id*., at 1212. Accordingly, a litigant's *pro se* status does not excuse him of the duty to follow our Rules of Appellate Procedure. *See Jiricko v. Geico Insurance Co.*, 947 A.2d 206, 213 n.11 (Pa. Super. 2008). Given the various defects contained in their brief as well as the overall wholly uncertain thrust of their arguments, dismissal of this appeal would be warranted. However, after a through review of the record, applicable law, submitted briefs, and trial court opinion, we see no basis to depart from the court's well-supported reasoning in dismissing Appellants' complaint and adopt it as our own. *See* Trial Court Opinion,

5/10/23, at 3-6.

Substantively, Appellants' eleven-page complaint contains five paragraphs of factual allegations, one paragraph purporting to establish jurisdiction, and as best can be discerned, nine causes of action asserted against Appellee. In the claims portion of the complaint, which features no consecutively numbered paragraphs in violation of Pa.R.Civ.P. 1022, Appellants suggest, *inter alia*, that Appellee has "violated the doctrine of promissory estoppel," "violated Pennsylvania prompt pay laws," and violated justifiable reliance within the context of strict liability. **See** Complaint, at 3-4.

In response to Appellee's preliminary objections, the trial court found that, beyond the deficient structure of the complaint, it contained a fatal combination of few factual allegations, an incomprehensible legal foundation, and insufficient specificity tying the allegations of law and fact together. **See** Trial Court Opinion, 5/10/23, at 3; **see also** Pa.R.Civ.P. 1028(a)(2) (allowing for preliminary objections to be filed when a complaint fails "to conform to law or rule"). The court determined that Appellants violated Rules 1022 and 1019 because the complaint, after its first six paragraphs, was not numbered consecutively, contained myriad allegations in an unformatted matter, and was not presented in a concise and summary form. **See** Trial Court Opinion, 5/10/23, at 3; **see also** Pa.R.Civ.P. 1019, 1022. In particular, the complaint "contains little in the way of factual averments." Trial Court Opinion 5/10/23, at 3. "Were it not for the previous case filed by [Appellants] and the

documents attached to the present complaint, [their] claims would be completely indecipherable." *Id*. The court further illuminated Appellants' "failure to comply with the AOPC's confidentiality rules governing court filings." *Id*.

Moreover, the court determined that it lacked jurisdiction to consider Appellants' claims to the extent they fell under the auspice of Pennsylvania or New York workers' compensation laws, noting that "[t]he exclusive means by which a provider may challenge payment of a medical bill for workers compensation related medical care is by the Pennsylvania Workers' Compensation Act [f]ee [d]ispute [provisions]." Trial Court Opinion, 5/10/23, at 4 (citations omitted).[2] Additionally, to the extent Appellants brought claims that alleged violations of "a New York Workers' Compensation Board order[,]" Appellants provided no evidence that a Pennsylvania court had jurisdiction to enforce that order. *Id*.

As to Appellee's preliminary objection averring Appellants' complaint was insufficiently specific in violation of Pa.R.Civ.P. 1028(a)(3), the court indicated that Appellants have failed to "produce a lucid narrative of the facts underlying this case. Factual averments are nearly nonexistent in lieu of

_____

[2] We note that Appellee raised a preliminary objection based upon a failure to exhaust a statutory remedy when the issue is properly one of absence of subject matter jurisdiction. *See* Pa.R.Civ.P. 1028(a)(1), (7). However, subject matter jurisdiction is an issue that a court may raise *sua sponte* at any point in the proceedings. *See Mazur v. Trinity Area School District*, 961 A.2d 96, 101 (Pa. 2008).

quotations from cases and irrelevant secondary sources." Trial Court Opinion, 5/10/23, at 4. "The averments that are pleaded are conclusory in nature, without the benefit of factual background." *Id*. As an example, the court highlighted Appellants' claim that Appellee's actions "warrant piercing the corporate veil" to find Appellee liable for Sedgwick's conduct; however, the complaint fails to explain how or why this extreme remedy is warranted in this case. *Id*. at 5.

Finally, the court concluded that Appellants improperly effectuated service of process on Appellee, who was located in the state of Kentucky. In violation of Pa.R.Civ.P. 403 and 404, the court ascertained that Appellants failed to show any evidence of Appellee's signature, notwithstanding Rule 403's requirement that "when service is effectuated through the mail, the process must include a receipt signed by either defendant or defendant's authorized agent." Trial Court Opinion, 5/10/23, at 5.

With our agreement that Appellants' complaint should have been dismissed following the filing of valid preliminary objections, we affirm on the basis of the trial court's May 10, 2023 opinion and direct the parties to include a copy of that opinion with all future filings referencing this Court's decision.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/24/2024

COURT OF COMMON PLEAS OF MONROE COUNTY
FORTY-THIRD JUDICIAL DISTRICT
COMMONWEALTH OF PENNSYLVANIA

MEREDITH STEMPEL, M.D. and : NO. 1673 CIVIL 2023
MIKHAIL LEVITIN, :
:
Plaintiffs :
:
vs. :
:
DAVE NORTH, Chairman, President, and :
Chief Executive Officer, :
: DEFENDANT'S
Defendant : PRELIMINARY OBJECTIONS

## O P I N I O N

This matter comes before the Court on preliminary objections filed by Defendant

Dave North (hereinafter "Defendant") to a complaint filed by Meredith Stempel, M.D., and

Mikhail Levitin (hereinafter "Plaintiffs"). Defendant is President and Chief Executive Officer of

Sedgwick Insurance Company ("Sedgwick"). Plaintiff Stempel is a licensed physician who treats

patients insured by Sedgwick. Plaintiff Levitin is Plaintiff Stempel's office manager. Plaintiffs

are ostensibly claiming damages due to Defendant's company's alleged failure to pay them for

medical care given to persons Sedgwick insures for purposes of Workers' Compensation

benefits. Plaintiffs also raise an issue involving a possible violation of a court order involving the

New York Workers' Compensation Board.

The Complaint was filed on March 15, 2023. On April 11, 2023, Defendant filed the present preliminary objections. Defendant has filed a brief in support of his argument. Plaintiffs filed a document on April 19, 2023, which purports to be an answer to the preliminary objections and a supporting brief. Plaintiffs' brief does not appear to address the objections raised by Defendant.

Before examining the merits of Defendant's objections it is necessary that we first address Plaintiffs having previously filed an almost identical complaint against Defendant. That complaint, docketed in the Monroe County Court of Common Pleas at 320 CV 2023, was dismissed by opinion and order on March 6, 2023, roughly a week before this complaint was filed. There are only a few clear differences between the allegations of the two suits. One, Mikhail Artamonov, M.D., is not a plaintiff in the present matter, but was included in the previous one. Plaintiff Levitin is no longer claiming to be a financial officer/partner of MJA Healthcare Network/Premier Pain, Spine & Sports Medicine. Instead, he is identified in the Complaint as Plaintiff Stempel's office manager.[1] Further, Plaintiffs have dropped allegations of a HIPAA violation against Defendant for revealing the identity and related healthcare information of patients during a previous hearing that did not involve this court.[2] We raise the existence of the previous complaint because the issues with it have not been fixed in the most recent filing. Faced with dismissal of their case, Plaintiffs have just refiled the same claims.

---

[1] The dismissal of the previous case was partially predicated on the fact that Plaintiffs could not engage in *pro se* representation of their corporate entity. It appears Plaintiffs have removed all references to any corporate entity from this version of the Complaint.

[2] We noted in our March 6, 2023 opinion that despite Plaintiffs' HIPAA violation allegations, they themselves had failed to redact patient information in their filing with this court. We raise this issue because Plaintiffs have not remediated this problem in their most recent complaint and patient information still has not been redacted.

2

Defendant's preliminary objections will again be sustained and the Complaint dismissed based upon the following reasoning.

Defendant first objects to the Complaint for failure to conform to law or rule of court under Pa. R.C.P. 1028(a)(2). Defendant asserts that the Complaint violates Pa. R.C.P. 1022 which states: "Every pleading shall be divided into paragraphs numbered consecutively. Each paragraph shall contain as far as practicable only one material allegation." Only the first six paragraphs of the Complaint are numbered, while the remainder of the document is not. Likewise, the majority of the Complaint is a combination of factual allegations, citations to case law, and references to secondary sources that have no binding precedent on a court of law. This bleeds into Defendant's next argument that the Complaint violates Pa. R.C.P. 1019 for failing to present facts in a concise and summary form. The Complaint contains little in the way of factual averments. Were it not for the previous case filed by Plaintiffs and the documents attached to the present complaint, Plaintiffs' claims would be completely indecipherable. The lack of structure within the Complaint due to the lack of numbering and paragraph breaks makes Plaintiffs' allegations very difficult to comprehend. Finally, Defendant objects to Plaintiffs' failure to comply with the AOPC's confidentiality rules governing court filings. As noted previously, Plaintiffs have failed to properly redact patient information in the documents attached to the Complaint. For all of these reasons, Defendant's objection will be sustained.

Second, Defendant argues this matter is improper because Plaintiffs have failed to exercise all available statutory remedies. Pa. R.C.P. 1028(7) allows a responding party to file preliminary objections when the filing party has failed "to exercise or exhaust a statutory remedy." The exclusive means by which a provider may challenge payment of a medical bill for

3

workers compensation related medical care is by the Pennsylvania Workers' Compensation Act Fee Dispute. 77 P.S. §531(5); <u>Armour Pharmacy v. Bureau of Workers' Compensation Fee Review Hearing Office</u>, 206 A.3d 660 (2019). It does not appear from the Complaint that Plaintiffs have attempted to challenge Defendant's company's denial of claims through this state's workers' compensation fee dispute program. Presumably, any claims stemming from New York would be governed by applicable New York rules and regulations, even if it can be heard by the Pennsylvania Workers' Compensation Act Fee Dispute. Furthermore, Plaintiffs claim that Defendant somehow violated a New York Workers' Compensation Board order is not properly before this court. A violation of a court order should be brought before the court that issued the order. This is the wrong court to assert the violations the Plaintiffs are bringing, and they must also be dismissed for lack of jurisdiction.

Next, Defendant claims the Complaint is insufficiently specific under Pa. R.C.P. 1028(a)(3). Pennsylvania is a fact-pleading state; "a complaint must not only give the defendant notice of what the plaintiff's claim is and the grounds upon which it rests, but the complaint must also formulate the issues by summarizing those facts essential to support the claim." <u>Lerner v. Lerner</u>, 954 A.2d 1229, 1234 (2008). Pa.R.C.P. 1019(a) further states that a complaint shall describe, "[t]he material facts on which a cause of action ... is based ... in a concise and summary form." As discussed above, the Complaint fails to produce a lucid narrative of the facts underlying this case. Factual averments are nearly nonexistent in lieu of quotations from cases and irrelevant secondary sources. The averments that are pleaded are conclusory in nature, without the benefit of factual background. For example, the Complaint alleges Defendant's

4

actions warrant piercing the corporate veil, but fail to elaborate on what those alleged actions are. Therefore, we find the Complaint is insufficiently specific.

Finally, Defendant objects to service of the Complaint. Defendant is located in Kentucky. According to the Complaint, Plaintiffs sent a copy of it to Defendant at his corporate office via First Class Mail. Pa. R.C.P. 404 provides that:

> Original process shall be served outside the Commonwealth within ninety days of the issuance of the writ or the filing of the complaint or the reissuance or the reinstatement thereof:
> Note: For reissuance and reinstatement of original process, see Rule 401(b).
> (1) by a competent adult in the manner provided by Rule 402(a);
> (2) by mail in the manner provided by Rule 403;
> (3) in the manner provided by the law of the jurisdiction in which the service is made for service in an action in any of its courts of general jurisdiction;
> (4) in the manner provided by treaty; or
> (5) as directed by the foreign authority in response to a letter rogatory or request.

Pa.R.C.P. 404. Under Pa. R.C.P. 403, when service is effectuated through the mail, the process must include a receipt signed by either defendant or defendant's authorized agent. There is no evidence on record that Plaintiffs sent the Complaint by a form of mail that required Defendant's signature. As such, Defendant was not properly served with the Complaint under the Pennsylvania Rules of Civil Procedure and it must be dismissed for that reason as well.

As the allegations of this Complaint, and those of the prior matter filed by the Plaintiffs involve allegations of non-payment of Workers' Compensation benefits to New York workers, subject to workers' compensation proceedings in New York State, this Court clearly lacks jurisdiction over this matter, and the case will be dismissed with prejudice. However, this ruling is made without prejudice to the Plaintiffs to file in the proper court. We note this case as

5

being dismissed with prejudice so Plaintiffs do not attempt again to file suit here on the same claims: namely, lack of payment on bills covered by Workers' Compensation benefits.

We also dismiss this case with prejudice as the Plaintiffs have still failed to sufficiently plead any facts making the Defendant, as an officer of the corporation that issued the workers' compensation policies at issue, individually liable for any purported damages. Nor have the Plaintiffs plead any facts for a second time that would be necessary to prove piercing of the corporate veil to hold individual officers, directors and/or shareholders liable for the actions of a corporate entity. The Plaintiffs were unable to do so in the first action they filed at 320 CV 2023 which was dismissed. As a result, it is apparent that Plaintiffs cannot set forth a cause of action against the Defendant individually, as an officer of Sedgwick, for the payments claimed. The facts pled in both cases assert a claim against Sedgwick at most. Thus, we will dismiss the claims with prejudice to not be re-filed again against this Defendant.